## DUBLIN NAT. BANK v. CHASTAIN.
### No. 2309.

Court of Civil Appeals of Texas. Eastland.
Nov. 27, 1942.

Rehearing Denied Jan. 8, 1943.

796

C. O. McMillan, of Stephenville, for appellant.

E. M. Davis ·and J. C. Darroch, both of Brownwood, for appellee.

FUNDERBURK, Justice.

In a "Trial of the Right of Property" action to which E. A. Chastain, claiming to be the owner of an automobile, and Dublin National Bank, claiming to be the holder of a lien thereon, were the parties, the court sustained two exceptions of Chastain to the Bank's petition, and, upon the latter's failure to amend, dismissed the action. The Bank has appealed. The appellant (plaintiff below) will be referred to as the "Bank", and the appellee (defendant below) as "Chastain".

The Bank alleged in substance and effect that the automobile was originally sold by Duzan Motor Company to W. W. Elliott, the title of the seller being evidenced by a manufacturer's certificate issued by the Chrysler Corporation to Fort Worth Motors, Inc., and by the latter assigned to said Duzan Motor Company, (trade name of Aubrey Duzan); that the Bank advanced a part of the purchase price to said W. W. Elliott, taking for security a chattel mortgage upon the car; that said Manufacturer's Certificate of Title was duly transferred by the seller, Duzan Motor Company, to said Elliott, and the Bank "required the said W. W. Elliott to sign and swear to an application for a certificate of title in which it was shown that the Dublin National Bank held a lien against said automobile."

It was further alleged that "said W. W. Elliott did thereafter alter said assignment [from Duzan Motor Company] of said Manufacturer's Certificate to him by erasing his name therefrom and writing the name of O. A. Rogers into said assignment as the transferee of said manufacturer's certificate * * * [and] said W. W. Elliott did further alter the application for said certificate of title so that it failed to show a lien in favor of Dublin National Bank, and that his ·acts and so altering said instrument constituted a forgery of such instrument and the said E. A. Chastain is claiming title under forged evidence of title, and that, therefore, his claim is inferior to the lien of Dublin National Bank."

The first exception was designed to elicit, and did elicit, judgment of the court to the effect that the Bank's petition was insufficient to state a cause of action "in that said petition no where alleges that a certificate of title was ever issued by the State Highway Department of the State of Texas on which the lien claimed by the Plaintiff was noted in compliance with the certificate of title law", et cetera.

The second exception was designed to elicit, and did elicit, judgment of the court to the effect that said petition was insufficient to state a cause of action because the petition showed "that Plaintiff delegated to W. W. Elliott authority to act for Plaintiff in procuring the certificate of title showing Plaintiff's lien. It being the duty of Plaintiff to cause its lien to be noted and shown upon any certificate of title issued by the State Highway Department, and there being no allegation in Plaintiff's petition that Defendant had any knowledge of such acts of W. W. Elliott, said petition therefore shows on its face that Plaintiff is estopped to plead such acts, conduct and omissions of W. W. Elliott in support of its title."

The questions presented for decision arise upon the "Certificate of Title Act." Vernon's Ann. P.C. Art. 1436—1.

■ One effect of such statute was to re-peal R.S.1925, Arts. 5490, 5497, and 5497a, Vernon's Ann.Civ.St. arts. 5490, 5497, 5497a, insofar as they affected registration of chattel mortgage liens on automobiles. Commercial Credit Company v. American Manufacturing Company, Tex.Civ.App., 155 S.W.2d 834.

■ In the enactment of the statute the legislative intention, so far as is here material, was, as declared in the Act, "to

lessen and prevent * * * the sale of encumbered motor vehicles without the enforced disclosure to the purchaser of any and all liens for which any such motor vehicle stands as security." Id. Sec. 1.

The "Certificate of Title Act" is, in its essential nature, a registration statute. It provides for the registration of prescribed evidence of the ownership of and liens upon motor vehicles, conclusive of such ownership, or liens, in the absence of actual knowledge contrary to the registered evidence. The provisions of Section 44 is: "No lien on any motor vehicle to which a receipt or certificate of title has been issued *shall be valid as against third parties without actual knowledge thereof, or enforceable against the motor vehicle of any such third parties* unless the notation of said lien shall have been caused to be made on receipts and certificates of title on said motor vehicle, as provided in this Act." (Italics ours). Under the first clause above italicized if Chastain otherwise had title to the automobile but had actual knowledge of the Bank's lien before he became the owner he would have no defense against the Bank's lien. His situation would have been the familiar one of the purchaser of property upon which a registered lien exists, the want of registration being rendered immaterial by his actual knowledge of the lien. In order to deprive the Bank of its lien, even though unregistered, something is required besides a mere absence of knowledge of the lien. The same act which requires the registration of the lien requires the registration of the title to the car. Registration acts do not protect a purchaser holding under a registered title if a link in said title be a forgery. Proof of the forgery of a link of title is tantamount to proof that the claimant of such title has none, or, in other words, that he is not the owner of the property.

It seems to us that one whose claim to the ownership of property is dependent upon a forged link in his chain of title could occupy no better position to take advantage of the failure of a lien holder to give the required notice of the lien, than would one who really acquired title but with actual knowledge of the unregistered lien.

In our opinion the Bank's petition stated a cause of action notwithstanding that, by reason of the facts alleged, no certificate of title or receipt (for application for certificate of title) contained any notation therein showing the Bank's lien. Under the Bank's petition evidence, if any, was admissible to show that Chastain was not the owner of the automobile. As against one so affirmatively shown not to be the owner and not within the protection of the act, the Bank's lien was enforcible, though unregistered.

It being our conclusion that the judgment should be reversed and the cause remanded, it is accordingly so ordered.