## ANDERSON et al. v. JEFFERSON STANDARD LIFE INS. CO.

No. 11222.

Court of Civil Appeals of Texas. San Antonio.

Jan. 6, 1943.

Rehearing Denied Jan. 27, 1943.

798

Smith & Nielsen, of Raymondville, for appellants.

Lorimer Brown, of Harlingen, for appellee.

MURRAY, Justice.

Jefferson Standard Life Insurance Company instituted this suit in the District Court of Willacy County against Carl D. Anderson and wife, Gretchen S. Anderson, Trinity Universal Insurance Company and Magnolia Petroleum Company, seeking to recover the amount of principal, interest and attorney's fees due and owing upon a certain deed of trust note in the principal sum of $2,500, and further seeking a foreclosure of a deed of trust lien against the following described real estate, to-wit: "The north three-fourths (¾) of Lots No. Seven and Eight (7 and 8) in Block No. Twelve (12) Sebastian Townsite, Willacy County, Texas."

Arthur A. Anderson and wife, Sybil Anderson, intervened in the suit and alleged they were the owners of the premises in question, that the property was their homestead at the time of the execution of the note in suit, and therefore the Jefferson Standard Life Insurance Company was not entitled to a foreclosure of its alleged lien.

The trial was to the court without the intervention of the jury and resulted in judgment in favor of Jefferson Standard Life Insurance Company as prayed for, including judgment of foreclosure, from which judgment Arthur A. Anderson and wife, Sybil Anderson, have prosecuted this appeal.

Appellants first contend that the evidence is insufficient to show a delivery of a certain deed from A. A. Anderson and wife, Sybil Anderson, to Carl D. Anderson, purporting to convey the land above described.

A. A. Anderson and wife were the owners of the land in suit and were occupying it both as a resident and business homestead prior to August 23, 1940, at which time they decided to secure a loan from the Jefferson Standard Life Insurance Company in the sum of $2,500 and to give a lien upon such land and premises as security therefor. They executed a warranty deed to a brother of A. A. Anderson, one Carl D. Anderson, purporting to convey said land to him and retaining a vendor's lien note in the sum of $2,500. Carl D. Anderson then applied to Jefferson Standard Life Insurance Company for a loan on said property in the sum of $2,-500. One George Allen took this application from Carl D. Anderson. A. A. Anderson testified that about one year prior thereto he had applied to George Allen, as the local representative of the Jefferson Standard Life Insurance Company, for a

loan on this property, and that Allen had told him the only way to secure such a loan was to transfer the property. Allen left the State before the loan was completed and the law firm of Kent and Brown acted as representatives of the Life Insurance Company in closing the loan. Lorimer Brown, Esq., of that firm did the major portion of the negotiating on behalf of the Life Insurance Company. The transfer of the land and the making of the loan were handled as one simultaneous transaction. A. A. Anderson and wife had previously executed the deed to Carl D. Anderson. They executed a transfer of the $2,500 vendor's lien note described in this deed to the Insurance Company. Carl D. Anderson and wife executed a deed of trust note and a deed of trust securing the same, extending and carrying forward the vendor's lien note described in the deed from A. A. Anderson and wife to Carl D. Anderson. All of these papers were delivered to Lorimer Brown, Esq., at the time he paid the $2,500 over to A. A. Anderson and Carl D. Anderson. The deed was carried to the County Clerk's office by A. A. Anderson and left with the County Clerk for filing. Appellants made certain admissions before going to trial, one of which was as follows: "That on or about August 23, 1940, Arthur A. Anderson, being the same person as A. A. Anderson, intervener herein, and Sybil Anderson, husband and wife, duly executed and delivered their general warranty deed to the property involved in this litigation, conveying said property to Carl D. Anderson for a recited consideration of $10.00 and other valuable considerations, acknowledging in said deed the receipt of said $10.00 and other valuable considerations in cash, and retaining in said deed a vendor's lien for the sum of $2500.00 in favor of Arthur A. Anderson, bearing interest at the rate of 7% per annum and being due on or before February 23, 1941, said deed having been duly acknowledged by the said Arthur A. Anderson on August 23, 1940, before S. P. Neilsen, Notary Public, said instrument having been fully explained by the said S. P. Nielsen, Notary Public, to the said Sybil Anderson, and the said Sybil Anderson having been examined by the said S. P. Nielsen, Notary Public, privily and apart from her husband, duly acknowledged such instrument to be her act and deed, and she declaring that she had willingly signed the same for the purposes and consideration therein expressed, and that she did not wish to retract it, which said deed was duly recorded in the Deed Records of Willacy County, Texas."

This admission on the part of appellants was sufficient to support the trial judge's finding to the effect that the deed was delivered and, furthermore, the evidence on the whole shows there was a legal delivery of the deed to Carl D. Anderson.

Appellants' next point contends the evidence was insufficient to sustain the finding of fact made by the trial judge that neither the Jefferson Standard Life Insurance Company nor its agents knew that the sale of the property in question by A. A. Anderson and wife to Carl D. Anderson was a simulated transaction for the purpose of borrowing money on the homestead of A. A. Anderson and wife. We overrule this point. The only agents of the appellee Insurance Company who were shown to have any connection with this loan were George Allen and Lorimer Brown, Esq., of the law firm of Kent and Brown. The testimony of both of these agents is in the record and both deny that they had any knowledge that the transfer was a simulated transaction. The trial court, who was the trier of facts, had a right to credit their testimony and base his finding thereon. Furthermore, A. A. Anderson testified that he intended, at the time he closed the deal, for the appellee Life Insurance Company to have a valid lien upon the property. Mrs. Sybil Anderson, wife of A. A. Anderson, has never, so far as this record reveals, appeared to testify that the deed which she signed and acknowledged before a notary public was other than what it purported to be, that is, a valid conveyance of her homestead.

Appellants next contend that the trial court was in error in finding that appellants were estopped to deny that the sale of their homestead and the establishment of a lien thereon was other than a valid and bona fide transaction. This point is largely based upon appellants' contention that the deed to the homestead was never duly delivered. Since we have already found against appellants on that contention, it follows that this point must also be overruled. It is true that the A. A. Andersons were in possession of the property, but they stated they expected to leave for a distant state as soon as the deal was concluded. Carl D. Anderson was

borrowing the money to pay the A. A. Andersons the amount of the vendor's lien note held by them. The duly executed deed from A. A. Anderson and wife to Carl D. Anderson was sufficient to show that whatever title the A. A. Andersons had to this property had been conveyed to Carl D. Anderson. The A. A. Andersons knew that the Life Insurance Company was loaning its money upon the presumption that the transfer of the property to Carl D. Anderson was a bona fide transaction. They sat silently by and saw this fraud perpetrated and are now estopped to profit by the fraud which they helped to commit; that is, if the transfer to Carl D. Anderson was in fact a simulated transaction. Burnett v. Atteberry, 105 Tex. 119, 145 S.W. 582; Garrett v. Katz, Tex.Civ.App., 23 S.W.2d 436; Guaranty Bond State Bank of Mt. Pleasant v. Kelley, Tex.Com.App., 13 S.W.2d 69.

Appellants next contend that the trial court erred in finding that if the agents of the Life Insurance Company did enter into the alleged fraud such participation would not be notice to appellee Life Insurance Company, as notice to an unfaithful agent is not notice to the principal. We overrule this contention. We have already approved the trial court's finding that such agents did not have any knowledge that the transaction was a fraudulent one, but if they did have such knowledge the trial court properly held that such knowledge of an unfaithful agent cannot be regarded as knowledge of an innocent principal.

The judgment is affirmed.