### HILL v. WOLFE et al.
#### No. 4389.

Court of Civil Appeals of Texas. El Paso.
June 29, 1944.

Rehearing Denied July 13, 1944.

Tom D. Matthews, of Dallas, for appellant.

Geo. M. Feild, of Dallas, for appellees.

PRICE, Chief Justice.

This is an appeal by May Bell Hill from a judgment of the County Court of Dallas County at Law No. 1. May Bell Hill, as plaintiff, sued R. V. Allison and Jack Breard to recover on a note and to foreclose a chattel mortgage on a motor vehicle given by Allison to secure the note. Jake Wolfe, Woodard and others were made parties defendant. Trial was to the court without a jury, judgment was in favor of Miss Hill against Allison for the balance due on the note with a foreclosure of the chattel mortgage lien on the automobile as against him. The judgment denied her any relief as to the other de-

fendants, and adjudged that the title of defendant Wolfe to the automobile was superior to any claims of Miss Hill.

Miss Hill will be hereafter referred to as appellant; the defendants will be designated by their respective names.

On motion of plaintiff the court made up and filed findings of fact and conclusions of law. Appellant challenged the judgment on the ground that the proper judgment was not rendered on the facts found. There is no statement of facts. We shall try to somewhat condense the findings.

On September 18, 1939, Allison gave the Texas Bank & Trust Company a chattel mortgage on an automobile to secure his note in the sum of $650. Breard signed this note with Allison. The chattel mortgage was duly filed by the Bank in the Clerk's Office of Dallas County on September 19, 1939. This mortgage provided that it should apply to any extensions of the debt. On September 23, 1940, there was a balance of $330 due on this note. This was renewed by a new note signed by defendants Allison and Breard. Allison or Breard paid $30 on this renewed note. On February 13, 1941, the Bank transferred, for value, to appellant this note and the mortgage securing the same without recourse on it. A balance of $319 was then due on the note.

Before appellant purchased this note she knew that Allison had sold the car. Wolfe purchased the car from the used-car lot of Woodard. Prior to this purchase it had been on Woodard's used-car lot exposed for sale for about a week. Wolfe requested Woodard to obtain a certificate of title for him. The proper authority (the Department of Public Safety) on December 2, 1940, issued a certificate of title to Wolfe showing a lien indebtedness against the car in the sum of $427.18 in favor of the Grand Avenue State Bank. The note and lien were given by Wolfe as part of the purchase price of the car. The other portion of the consideration was represented by the conveyance of a used car by Wolfe to Woodard. Wolfe, prior to his purchase, never made or caused to be made any examination of the Chattel Mortgage Records. He had no actual knowledge that appellant or her assignor claimed any lien on the car in question until after he had paid off, or almost paid off, the note given by him. Wolfe's note was dated November 7, 1940. Neither appellant nor her assignor ever took any steps to have her lien against the car shown on the certificate of title; took no steps to inform the Department of Public Safety of the claimed lien.

In substance, the court concluded, as a matter of law, that in order to protect its lien, the Texas Bank & Trust Company was under the duty of notifying the Department of Public Safety thereof; further, that before buying the note in question had appellant inquired of the Department of Public Safety as to its records, she would have known the chattel mortgage lien claimed was not shown on the certificate issued to Wolfe; that Wolfe purchased the automobile without actual knowledge of the lien thereon and as to him the lien was void.

It is to be noted that the lien under which appellant claims was created about twelve days before the Certificate of Title Act became effective. Acts 1939, 46th Leg., p. 602; also Art. 1436—1, Vernon's Ann.Penal Code. This Act became effective October 1, 1939. Appellant's assignor filed the chattel mortgage involved in September, 1939. Wolfe in good faith purchased the automobile in the latter part of 1940 and received from the Department of Public Safety, then by its terms administering the Act, a certificate of title which failed to show the lien claimed by appellant. Under these facts the court held the appellant was precluded from foreclosing her lien against Wolfe.

It is deemed unnecessary to either set out in full the Certificate of Title Act or to summarize same. Suffice it to say, in a minute manner it regulates the sale of motor vehicles and the manner of evidencing encumbrances thereon; provides in effect that liens noted on the certificate of title of the owner are valid and enforceable against the world, and persons dealing with the owner have notice of the liens noted on the certificate of title. The liens are noted on the certificate of title at the time same is issued. As to a lien created after the issuance of the certificate, if those dealing with the motor vehicle are to be charged with notice thereof, it is required that the old certificate be surrendered and a new one issued to the owner showing the lien.

Sections 41 and 42 of the Certificate of Title Act are as follows:

Sec. 41: "No lien shall be valid on any motor vehicle which is hereafter the subject of a first sale, or be enforceable

against any such motor vehicle unless there is noted on the importer's or manufacturer's certificate the date, name, and address of the mortgagees whose rights arise out of or are incident to such first sale by reason of the execution of any written instrument by the transferee."

Sec. 42: "No lien on any motor vehicle shall be valid as against third parties without actual knowledge thereof or enforceable against the motor vehicle of any such third parties as the issuance of a certificate of title thereof, unless an application for a new title is made as prescribed in this Act and all first and subsequent liens noted by the Department thereon."

■ Under the Certificate of Title Act the noting of a lien on the certificate of title has about the same effect as the filing of a chattel mortgage with the County Clerk had under Art. 5490, Vernon's Ann. Civ.Sts. It is definitely and authoritatively settled that, insofar as contract liens on motor vehicles are concerned, the Certificate of Title Act by implication repealed said Art. 5490. Commercial Credit Co. v. American Mfg. Co., Tex.Civ.App., 155 S.W.2d 834 (writ denied); Dublin Nat. Bank v. Chastain, Tex.Civ.App., 167 S.W. 2d 795; Motor Inv. Co. v. Knox City, 141 Tex. 530, 174 S.W.2d 482; Motor Inv. Co. v. City of Hamlin, Tex.Sup., 179 S.W.2d 278.

The Act in question does not purport to preserve the effect as notice of the filing of a chattel mortgage filed prior to its effective date. If said Art. 5490, as amended, be repealed as relating to motor vehicles from and after the date of the repeal, the registration of such chattel mortgage loses all efficacy as to persons without actual notice of the lien. Struck down also we think was the provision that a chattel mortgage, unless filed as provided by said Art. 5490, should be void as to creditors, purchasers and subsequent mortgagees. No longer may such classes look to 5490 for protection.

The only basis then for the holding that appellant's chattel mortgage was void as to Wolfe was the Certificate of Title Law. The court held same void under the provisions thereof. Absent from such law is any provision whereby the holder of a chattel mortgage lien created prior to the date thereof could have same registered, that is, noted on the certificate. Such a mortgagee may not apply for a certificate of title, for he does not own the motor vehi-

cle. It requires some act on the part of the owner of the vehicle to obtain a certificate of title. The surrender of an existing certificate of title must be by the voluntary act of the owner thereof. He alone can create a lien against the motor car, and he alone can cause same to be shown on his certificate of title. Prior to October 1, 1939, appellant's assignor had a lien good against the world. After that date it was only good against persons having actual knowledge thereof unless it was noted on the certificate of title of the owner of the car.

■ It is true, there is no vested right in a mortgagee having a lien duly filed in the Registration Law under which same was filed. It is in the province of the Legislature to amend or repeal the Registration Law. It is likewise thought that there is power to make such laws retroactive. However, in case of an instrument such as a chattel mortgage already registered, there should be at least some means provided in the new law whereby the mortgagee might register his old mortgage and such record have the same effect as its former registration. 45 Am.Jur. p. 436, Sec. 31.

■ It is elementary that a chattel mortgage lien on tangible personal property is a property right. Under the contentions of appellee Wolfe, the content of the property right of appellant's assignor was limited on and after October 1, 1939 from what it had been between September 19, 1939 and that date.

■ The chattel mortgage lien was created by contract. It was not created by filing in accordance with Article 5490. The repeal of that article did not destroy the lien. The Certificate of Title Law did not have interim effect between the date of its passage and the effective date thereof. Popham v. Patterson, 121 Tex. 615, 51 S.W.2d 680; Anderson v. Penix, 138 Tex. 596, 161 S.W.2d 455, loc. cit. 459.

It would have no doubt been in the power of the Legislature to enact the law limiting the effect of the filing of a chattel mortgage after the passage of the Certificate of Title Law and before its effective date. This was not done. There is no doubt a chattel mortgage filed in accordance with Art. 5490 before October 1, 1939 and thereafter shown on a certificate of title, would be effective as notice in accordance with the Certificate of Title Law.

But there would be grave and serious doubt of its constitutionality if it be construed as to invalidate as to good faith purchasers a chattel mortgage given and duly filed prior to the effective date of the Act. 45 Am.Jur. p. 436, Sec. 31; 121 A.L.R. 911.

■ The text of the Act requires no such retroactive construction. It was, in our opinion, only intended to apply to chattel mortgages subsequent to its effective date. At the time this law went into effect many millions of dollars were secured by chattel mortgages on automobiles. An intention is not to be attributed to the Legislature to impair vested rights and provide no means by which same could be made secure. It is true the holder of such a mortgage might have appealed to the Department of Public Safety. That Department might or might not have sought to protect his lien. The law charged it with no such duty. Justice is not a matter of grace, but of right.

■ The trial court denied plaintiff the enforcement of the chattel mortgage lien because neither she nor her assignor gave Wolfe any notice thereof. There was no way provided by law whereby either might give him such notice. There being no legal means provided, there was no legal duty to give him such notice. Further, at the time plaintiff purchased the note and mortgage lien she knew Allison had sold the car. It it true that then she might have ascertained that the mortgage was not shown on the certificate of title of the purchaser. Her assignor did not turn over a duplicate thereof. But at that time Wolfe had purchased—he had already given his note to the bank, was bound to pay, even though his title to the automobile was imperfect. Plaintiff purchased this note after it was due. This, we think, is no reason why her lien should not be enforced. In our opinion, the facts found did not sustain the judgment rendered. Findings of Fact 16 and 17 of the trial court are as follows:

"16. The judgment heretofore rendered by this Court in Cause No. 78643 in the case of May Bell Hill vs. Jack H. Breard, et al has remained unpaid and unsatisfied; May Bell Hill never received any money on that judgment; an order of sale was issued in said cause and returned with the notation that the automobile described in said order of sale could not be found.

"17. The judgment rendered by this court on October 21, 1941 in cause No. 78645, herein was settled by W. H. Woodward and one Dr. Gus Lyreman and Jack H. Breard."

What bearing the two suits have on the issues in this case does not appear. The conclusions of law evidenced that the judgment rendered was not influenced by reason of the two findings above quoted.

Wolfe had a cross action against defendant Woodard in the event plaintiff recovered against him.

We have come to the conclusion that justice would best be subserved by reversing and remanding this cause rather than reversing and rendering same.

·It is, therefore, ordered that the judgment of the trial court be reversed and the cause be remanded.