Charles WEST, Plaintiff In Error,

v.

UNIVERSAL C. I. T. CREDIT CORPORATION, a corporation, Defendant in Error.

No. 37994.

Supreme Court of Oklahoma.

Nov. 18, 1958.

Washington, Thompson, Wheeler & Camp, Oklahoma City, for plaintiff in error.

Bailey, McClelland & Collins, Oklahoma City, for defendant in error.

HALLEY, Justice.

Universal C. I. T. Credit Corporation, hereinafter called plaintiff, brought an action in replevin against Charles West, hereinafter called defendant, to replevin a 1956 Pontiac Coupe. Plaintiff alleged it was the holder by assignment of a chattel mortgage lien on the automobile. Plaintiff introduced in evidence a copy of a chattel mortgage made to Watson Mizell Motor Company, hereinafter called motor company, by O. C. Bolton and assigned to plaintiff. Defendant introduced evidence to show that he had bought the automobile in good faith from O. C. Bolton. The trial court sustained a motion for directed verdict for the plaintiff for possession of the automobile or its value and defendant appeals.

The record discloses that on the 16th day of April, 1956, O. C. Bolton bought the automobile from the motor company at Texarkana, Texas, and executed a chattel mortgage for the total sum of $3,482.36 payable in installments. The motor company executed an assignment thereof to plaintiff. On the 17th day of April, 1956, the motor company took a manufacturer's statement of origin of title to a motor vehicle to the agency in Texarkana, Texas, and made application for a Texas certificate of title and on the same date obtained a receipt for the application for certificate of title. All these instruments showed the seller as the motor company and a lien for $3,482.36 to plaintiff. On the same date the motor company obtained a receipt for license and the license tags. The motor company had told Bolton to return and pick them up the next morning. On the 18th day of April, 1956, plaintiff paid the motor company $2,810 for the assigned chattel mortgage. No certificate of title was issued until June, 1956. Plaintiff commenced this action April 20, 1956. The receipt for the application for certificate of title was at all times thereafter in the possession of plaintiff.

Bolton never returned to obtain the license tags. On the 19th day of April, 1956, Bolton obtained a certificate of title in Henryetta, Oklahoma, brought the automobile to Oklahoma City and sold it to defendant for $2,300. The Oklahoma certificate of title had been obtained by fraudulently representing that the title originated in Georgia and a statement to the agent issuing the Oklahoma certificate of title that there was no lien thereon.

The defendant raises the single issue that the trial court erred as a matter of law in

sustaining the motion for directed verdict because under the Texas motor vehicle registration law it was the duty of the motor company to place in its form referred to above as the origin of title, the mortgagee's name and the amount of mortgage held by the motor company instead of the name of plaintiff and the amount of its lien.

Defendant quotes from the Texas Statutes as follows:

"Art. 1436–41. No lien shall be valid on any motor vehicle which is hereafter the subject of a first sale, or be enforceable against any such motor vehicle unless there is noted on the importer's or manufacturer's certificate the date, name, and address of the mortgagees whose rights arise out of or are incident to such first sale by reason of the execution of any written instrument by the transferee.

"Art. 1436–42. No lien on any motor vehicle shall be valid as against third parties without actual knowledge thereof or enforceable against the motor vehicle of any such third parties as the issuance of a certificate of title thereof, unless an application for a new title is made as prescribed in this Act and all first and subsequent liens noted by the Department thereon. * * *

"Art. 1436–44. No lien on any motor vehicle to which a receipt or certificate of title has been issued shall be valid as against third parties without actual knowledge thereof, or enforceable against the motor vehicle of any such third parties, unless the notation of said lien shall have been caused to be made on receipts and certificates of title on said motor vehicle, as provided by this Act."

Defendant argues that it was the duty of the motor company and the plaintiff to see that the statement of the origin of title, the application for certificate of title and the certificate of title complied with the above provisions of the Texas Statutes by including therein the name of the motor company as the mortgagee, and, since this was not done the sale of the motor vehicle by Bolton to the defendant was free and clear of the lien of plaintiff. Defendant cites Ball Bros. Trucking Co. v. Sorenson, Tex.Civ.App., 191 S.W.2d 908. We have examined this case and find it is not in point. Defendant also cites Higgins v. Robertson, Tex.Civ. App., 210 S.W.2d 250. Therein the seller made no attempt to obtain any license at all or to comply with the motor vehicle registration law of any state.

No case has been cited by either party holding that the statutes require that the original chattel mortgagee be endorsed on the title certificate instead of the assignee. Defendant states that this question is one of first impression as to the law in Texas. However, in Dublin Nat. Bank v. Chastain, Tex.Civ.App., 167 S.W.2d 795, in the headnotes it is stated:

"Neither one whose claim to ownership of automobile depends upon a forged link in his chain of title nor one acquiring title with actual notice of an unregistered lien can take advantage of a lienholder's failure to give the required notice of lien. Vernon's Ann. P.C. art. 1436–1, §§ 1, 44."

In Pioneer Mutual Compensation Company v. Diaz, Tex.Civ.App., 178 S.W.2d 121, the court held that the Certificate of Title Act does not prohibit the registration of a motor vehicle in the name of one other than the true owner, nor render title so registered invalid, nor prohibit the passing of title in such event. This construed Art. 1436–1, supra, Sections 1 and 33.

In Dublin Nat. Bank v. Chastain, supra [167 S.W.2d 797], it is stated:

"The 'Certificate of Title Act' is, in its essential nature, a registration statute. It provides for the registration of prescribed evidence of the ownership of and liens upon motor vehicles, conclusive of such ownership, or liens, in the absence of actual knowledge contrary to the registered evidence. The provisions of Section 44 is: 'No lien on any motor vehicle to which a receipt or certificate of title has been issued *shall*

*be valid as against third parties without actual knowledge thereof, or enforceable against the motor vehicle of any such third parties* unless the notation of said lien shall have been caused to be made on receipts and certificates of title on said motor vehicle, as provided in this Act.' (Italics ours.)"

We are of the opinion and hold there was a substantial compliance with the statutes above referred to by endorsing on the instruments involved the name of the assignee of the chattel mortgage and that the title acquired by the defendant was subject to the lien of plaintiff.

The judgment of the trial court is affirmed.

CORN, V. C. J., and DAVISON, WILLIAMS, BLACKBIRD and JACKSON, JJ., concur.