J. H. WEBSTER and Wayne LeGate, Appellants,

v.

UNIVERSAL C. I. T. CREDIT CORPORATION et al., Appellees.

No. 6851.

Court of Civil Appeals of Texas.

Amarillo.

March 16, 1959.

Harris Lofthus and Archer & Hazlewood, Amarillo, for appellants.

Simpson, Clayton & Fullingim, Amarillo, for appellees.

NORTHCUTT, Justice.

This is an action for a declaratory judgment brought by Wayne LeGate, as plaintiff, against American National Bank of Amarillo, Texas, Universal C. I. T. Credit Corporation, and J. H. Webster, as defendants. It is the contention of LeGate that he secured a good title to the automobile in question from Eugene Hayden. Since there is no dispute as to how this matter was handled, we believe the case may be better understood by setting out the full findings of fact and conclusions of law as given in this record, which are as follows:

"Findings of Fact

"1) On December 6, 1957, one Eugene Hayden purchased from Bill Bugas, Inc. of Houston, Texas, the motor vehicle involved in this suit, and as a part of the purchase price therefor executed unto Bill Bugas, Inc. his promissory note and chattel mortgage lien in writing in principal amount of $2,596.56, payable in consecutive monthly installments of $108.19 each, beginning January 15, 1958.

"2) Thereafter, on the same day, Bill Bugas, Inc. sold and assigned such note and chattel mortgage lien to the Defendant, Universal C. I. T. Credit Corporation for valuable consideration.

"3) On December 20, 1957, Eugene Hayden made an application to the Tax Collector of Harris County, Texas for a title to such motor vehicle, and in which application the debt and lien assigned by Bill Bugas, Inc. to Universal C. I. T. Credit Corporation was reflected therein, and thereafter, on January 13, 1958, the State Highway Department of the State of Texas issued to Eugene Hayden its Certificate of Title to such motor vehicle, being numbered 19811032, wherein the debt and lien of Universal C. I. T. Credit Corporation aforesaid was reflected.

"4) On December 22, 1957, the said Eugene Hayden made an application to the Oklahoma Tax Commission of the State of Oklahoma for a Certificate of Title to such motor vehicle, and through fraud and ·misrepresentation procured a Certificate of Title thereto, showing such motor vehicle to be free and clear of liens.

"5) Thereafter, on the 31st day of December, 1957 the Plaintiff, Wayne LeGate, purchased such motor vehicle from the said Eugene Hayden upon the strength of such Oklahoma Certificate

of Title, and paid valuable consideration therefor.

"6) Thereafter, on February 9, 1958, the Defendant, J. H. Webster, purchased such motor vehicle from the Plaintiff, Wayne LeGate, and paid valuable consideration therefor, financing the same through the Defendant, American National Bank of Amarillo.

"7) Thereafter, the Defendant, J. H. Webster, made application to the Highway Department of the State of Texas for a Certificate of Title to such motor vehicle, but such application was denied due to the fact that the Highway Department of the State of Texas had theretofore, on the 13th day of January, 1958, issued a Certificate of Title to such motor vehicle to Eugene Hayden showing the debt and lien due Defendant Universal C. I. T. Credit Corporation thereon, pursuant to the application of the said Eugene Hayden.

"8) Eugene Hayden defaulted in making the payments on the note and lien held by Universal C. I. T. Credit Corporation, as the result of which it declared all such debt due and payable, and placed the same in the hands of its attorneys for suit under an agreement to pay them the attorneys' fees provided for therein.

"9) Plaintiff Wayne LeGate brought this suit for Declaratory Judgment against each and all of the Defendants herein, and Universal C. I. T. Credit Corporation filed its answer and cross action against the Plaintiff and its Co-defendants to establish its debt, and for a foreclosure of its lien on such motor vehicle, and caused a Writ of Sequestration to be issued, under which the Sheriff of Potter County, Texas took possession of such motor vehicle.

"10) Thereafter, the Defendant, J. H. Webster, replevied such motor vehicle, and executed his Replevy Bond in principal amount of $2,595.00, upon which the Defendant, J. H. Webster, was principal, and one Raymond E. Prien, one Preston D. Taylor, and the Plaintiff, Wayne LeGate, were sureties, the condition of which was that the defendant, J. H. Webster, would have said motor vehicle in the same condition as when it was replevied, together with the value of the fruits, hire or revenue thereof, forthcoming to abide the decision of the Court, or he would pay the value thereof, or the difference between its value at the time of replevy and the time of judgment and of the fruits, hire or revenue of the same, in case he should be condemned to do so.

"11) The value of such motor vehicle at the time of such replevy was the sum of $1,750.00.

"Conclusions of Law

"1) The debt and lien of the Defendant, Universal C. I. T. Credit Corporation, was a first and superior debt and lien upon such motor vehicle, and reflected upon the Certificate of Title thereto in accordance with the Certificate of Title Act of the State of Texas.

"2) The debt of Universal C. I. T. Credit Corporation against the said Eugene Hayden, in the amount of $2,956.82, was established, and the lien securing the payment thereof against such motor vehicle and shown on the Texas Certificate of Title was and is superior to any right, title, lien or claim thereto of the Plaintiff, Wayne LeGate, or the Defendants, J. H. Webster and American National Bank of Amarillo, and that Defendant, Universal C. I. T. Credit Corporation, was and is entitled to a judgment foreclosing its lien upon such motor vehicle as against the Plaintiff, Wayne LeGate, and the Defendants, J. H.

Webster and American National Bank of Amarillo.

"3) The Plaintiff, Wayne LeGate, should take nothing as against the Defendants, American National Bank of Amarillo, Universal C. I. T. Credit Corporation, and J. H. Webster.

"4) The Defendant, J. H. Webster, should have judgment on his cross action against the Plaintiff, Wayne LeGate, for the sum of $1,750.00, the value of such motor vehicle upon the Plaintiff, Wayne LeGate's warranty of title thereto.

"5) The Defendant, Universal C. I. T. Credit Corporation, should have judgment for the value of such motor vehicle against the Defendant, J. H. Webster, as principal, the Plaintiff, Wayne LeGate, Raymond E. Prien and Preston D. Taylor as sureties, upon the Defendant, J. H. Webster's Replevy Bond, in accordance with the Texas Rules of Civil Procedure."

The trial court rendered judgment in favor of Universal C. I. T. Credit Corporation in accordance with such conclusions of law, and from this judgment LeGate and Webster, alone, perfected this appeal.

By appellants' first two points of error it is contended the trial court erred in decreeing that C. I. T. held a valid lien against the vehicle superior to the interest in the vehicle acquired by LeGate from Hayden and, in foreclosing C. I. T.'s claimed lien against LeGate and Webster, and directing order of sale. LeGate and Webster did not receive a better title than Hayden could convey. The fact that Hayden made a false affidavit and secured a certificate of title in Oklahoma is nothing more than a false certificate. Hayden could not by making a false affidavit secure a better title than he had. LeGate and Webster received the same title to the automobile that Hayden owned and nothing better. To hold otherwise would compel C. I. T. to follow Hayden and establish his lien in the manner

required by law of each state where Hayden might be. Without discussing this matter further, we adopt the reasoning and holding expressed by Judge Speer in the case of Commercial Credit Co., Inc. v. American Mfg. Co., Tex.Civ.App., 155 S.W.2d 834 (writ refused). We know of no rule of law that approves of a party securing a better title than he has by making a false affidavit and thereby defeating another person of his interest in the property involved. Ball Bros. Trucking Co. v. Sorenson, Tex.Civ.App., 191 S.W.2d 908; Dublin Nat. Bank v. Chastain, Tex.Civ. App., 167 S.W.2d 795. Appellants' points of error one and two are overruled.

By appellants' third point of error it is stated the court erred in granting C. I. T. judgment against Webster and LeGate on Webster's replevy bond. To protect its interest in the automobile C. I. T. had a writ of sequestration issued and the sheriff took the automobile but Webster replevied the car by giving bond with LeGate and others as sureties on the replevy bond. Rule 704 of Texas Rules of Civil Procedure provides that in case the suit is decided against the defendant, final judgment shall be entered against all the obligors in such bond. This rule says shall (not may) enter judgment against the obligors. Appellants' point three is overruled.

We are bewildered by appellants' fourth point of error complaining of the action of the trial court in granting Webster judgment against LeGate in the sum of $1,750, being the value of the car in question as found by the court. Webster, in his pleadings, asked judgment over against LeGate for the value of the car in question. The trial court granted Webster judgment as requested, but now he is here joining LeGate in requesting that we hold the trial court erred in granting him judgment as requested by him. If Webster does not want the relief granted to him by the court, he certainly can release the judgment without asking this court to reverse the case.

However, under the undisputed record in this case, we think the court was correct in granting judgment as was done and overrule appellants' point four.

Judgment of the trial court is affirmed.