Brian E. LEE, Appellant,

v.

THE BANK, N.A., Appellee.

No. 03–99–00363–CV.

Court of Appeals of Texas, Austin.

May 31, 2000.

Kenneth M. Slack, Bellaire, for Appellant.

Dean W. Greer, Law Offices of Dean Greer, San Antonio, for Appellee.

Before Justices JONES, YEAKEL and PATTERSON

LEE YEAKEL, Justice.

Appellee, The Bank, N.A., holds a promissory note secured by appellant Brian Lee's Lexus automobile. When the maker of the note, Jerry Carlile, defaulted on his payments, The Bank sued Lee to cancel Lee's title to the car and to foreclose its lien.[1] The district court rendered summary judgment for The Bank on the ground that Lee failed to receive good title to the car and that The Bank possessed the only valid title. The court ordered that The Bank's lien be foreclosed and that Lee's certificate of title be canceled. We will affirm the district court's judgment.

The district court found in his judgment that the following facts were established as a matter of law: On February 2, 1996, The Bank loaned Jerry Carlile $37,939.81 to buy the Lexus; Carlile executed a promissory note and security agreement to secure the loan. The Bank took possession of the original certificate of title to the Lexus and properly perfected its lien with the Texas Department of Transportation by having the lien noted on the certificate of title. *See* Certificate of Title Act, Tex. Transp. Code Ann. § 501.111(a) (West 1999) & § 501.021(a)(7)(B) (West Supp. 2000).[2] The Bank has always kept the original certificate of title in its possession. Carlile defaulted under the note and security agreement and owed, as of July 10, 1998, $27,073.75. On September 19, 1997, a forged release of lien was submitted to the Department. The Bank did not contribute in any way to the forgery. The court concluded that all certificates of title issued after September 19, 1997 are of no effect.

In his first point of error, Lee argues that the district court erroneously rendered summary judgment for The Bank because he raised a genuine issue of material fact on the defense that he was a good-faith purchaser for value without notice of the forgery. To be entitled to a summary judgment, The Bank must show that no genuine issue of material fact exists and that it is entitled to judgment as a matter of law. Tex.R. Civ. P. 166a(c). To avoid summary judgment by asserting an affirmative defense, Lee must raise a fact issue on all elements of the defense. *Brownlee v. Brownlee,* 665 S.W.2d 111, 112 (Tex. 1984).

The Bank submitted as summary-judgment evidence documents comprising the title history of the Lexus. Carlile applied in April 1996 for a certificate of title to the Lexus. Carlile's certificate of title, dated June 13, 1997, shows The Bank as first lienholder and is plainly marked "certified copy." In a "Prescribed Form for Release of Lien," dated September 19, 1997, a "Betty Hargrove" certified as agent for The Bank that The Bank had received full payment to satisfy the lien and that the lien on the Lexus was released. Carlile's certified copy of the certificate of title, reflecting The Bank's lien on its face, shows on the reverse side that the title was assigned to two dealers, including Lee's immediate assignor Ginson Imports, before being assigned to Lee on October 11, 1997. Lee's application for a certificate of title states "None" in the blank available to show the first lienholder. Lee's title-application receipt, dated November 6, 1997, states that the evidence of ownership is "certified copy Texas title." Lee's certificate of title, submitted with his response to the summary-judgment motion, is an original certificate dated November

---

1. The Bank also sued the Texas Department of Transportation, which answered that it did not oppose The Bank, that it was a party to the suit only because it has custody of records relating to the registration of motor vehicles, and that it stood ready to comply with the court's judgment. The Department is not a party to the appeal.

2. Although section 501.021 of the Certificate of Title Act was amended after The Bank perfected its lien, subsection (a)(7)(B) was unchanged, and we have cited the current version. We will refer to the Certificate of Title Act in this opinion by section number only.

15, 1997, and shows that no lienholder exists.

The Bank's president stated by affidavit that the "Betty Hargrove" who signed the release of lien had never worked for The Bank and that The Bank neither knew of the release nor took any action to obtain it. Lee filed his own affidavit, in which he stated that he bought the Lexus on October 11, 1997, from an automobile dealer, Ginson Imports–NASA, Inc.[3] When he bought the car, it was represented to him that no lien existed on the car, the release of lien was attached to the title, and he otherwise had no knowledge that The Bank's lien was undischarged.

■ Relying on the well-settled rule that a forged certificate of title passes no title to a vehicle, the trial court determined that Lee's good-faith-purchaser defense did not apply. *See Drake Ins. Co. v. King,* 606 S.W.2d 812, 817 (Tex.1980). The rule governs this case, even though no certificate of title was forged, because the release of lien, on which Lee's certificate of title was based, was undisputedly forged. The common-law principle that a buyer acquires no title when any link in his chain of title is forged is consistent with the Certificate of Title Act. *See and compare King,* 606 S.W.2d at 817 *with* §§ 501.001–.159 (West 1999 & Supp.2000). Section 501.073, for instance, provides that a sale made in violation of the Act is void and that no title passes until the requirements of the Act are satisfied. § 501.073 (West 1999). In addition, once the Department has issued a certified copy of a certificate of title, subsequent buyers acquire only the interest in the vehicle held by the holder of the certified copy. § 501.134(c) (West 1999).[4] Registration acts such as the Certificate of Title Act do not protect a buyer holding under a registered title if any link in the chain of title has been forged. *Dublin Nat'l Bank v. Chastain,* 167 S.W.2d 795, 797 (Tex.Civ.App.—Eastland 1942, writ ref'd) (concerning forged application for certificate of title).

■ The Bank also moved for summary judgment on the ground that, even if the defense applied, Lee is not a good-faith purchaser.[5] Carlile held merely a certified copy of the certificate of title to the Lexus, and Lee's title application receipt states that the evidence of ownership was a "certified copy Texas title." The Department is authorized to issue a certified copy of a certificate of title when the original title has been lost or destroyed. § 501.134(a) (West 1999). If a lien is disclosed on a certificate of title, the Department must issue a certified copy of the original certificate only to the first lienholder. § 501.134(b) (West 1999). The title application receipt and certified copy of Carlile's title put Lee on notice that the dealer was not assigning the original title and that he was obligated to require the dealer to indemnify him against any loss he might suffer because of a claim presented on the original certificate of title. § 501.134(d) (West 1999); *see* § 501.027(b) (West 1999) (Department issues original certificate of title to owner when no lien exists). The Bank was therefore entitled to summary judgment on the additional ground that Lee's notice that his title was potentially defective negates his status as a good-faith purchaser. We overrule point one.

In his second point of error, Lee disputes the choice of certain language in The Bank's summary-judgment motion. We agree with Lee's argument that no certificate of title as such was forged, but have explained that a forged document on which a certificate of title is based voids that title. Lee's remaining contentions raise no

**3.** We presume that "Ginson Imports–NASA, Inc." and "Ginson Imports" are the same entity.

**4.** Section 501.134 has been amended since the date Carlile's certified copy of the certificate of title was issued, but because the changes are immaterial to our analysis here and in the remainder of the opinion, we cite to the current version.

**5.** Although the trial court did not rule on this ground, we may consider it pursuant to *Cincinnati Life Insurance Co. v. Cates,* 927 S.W.2d 623, 627 (Tex.1996).

more than immaterial fact issues. We therefore overrule point two.

Lee argues in his third point of error that The Bank negligently allowed Carlile to obtain The Bank's certified copy of the certificate of title. Lee relies on the Act's requirement that, when a vehicle is subject to a lien, the Department can issue a certified copy of the original certificate of title only to the first lienholder. § 501.134(b) (West 1999). The Bank's president testified without dispute, however, that the original title to the Lexus is and always has been in The Bank's possession. The president also testified that The Bank had no knowledge of the release of lien and had no part in helping anyone to obtain the release. Because Lee's argument is based on unsupported inferences, we overrule point three.

Although not assigned as a point of error, Lee additionally argues that two sections of the Business and Commerce Code protect him as a good-faith purchaser. *See* Tex. Bus. & Com.Code Ann. § 2.403(a) (West 1994) & § 9.307(b) (West 1991). Having already determined that Lee fails to qualify as a good-faith purchaser, we overrule this argument.

We affirm the district court's judgment.