CONSOLIDATED GARAGE COMPANY v. RAY CHAMBERS.

No. 3340.   Decided June 22, 1921.

(231 S. W., 1072.)

1.—Chattel Mortgage—Reservation of Title—Innocent Purchaser.

The statutory rule that a reservation of title by the seller of personal property delivered to the vendee, to secure unpaid purchase money, shall be held a chattel mortgage and void as to an innocent purchaser from such vendee unless in writing and registered as required by law for such instruments (Revised Statutes, Arts.. 5654, 5655) applies though the sale was made in another state by the laws of which such reservation was valid and constituted only a conditional transfer, securing the seller against an innocent purchaser from the vendee. (Pp. 296-298).

2.—Same—Conflict of Laws—Comity.

The doctrine of comity between States should not be applied to sustain in Texas the enforcement of a contract good by the laws of the state where made, when the same would be contrary to the public policy of this State as expressed in its statutes, and to the prejudice of an innocent purchaser here. (Pp. 296, 297).

3.—Same—Case Stated.

The seller of an automobile by contract made in the State of California retained title until payment of the purchase money, the sale being partly for cash and partly on monthly installments, and by the law of that state the contract was a conditional one and a purchaser from the vendee took no better title than the latter had, though without notice of the defect.   The property being brought by the vendee to Texas and there sold to a purchaser innocent of the original owner's rights, the transaction was governed by the statutes of Texas (Rev. Stats.. Arts. 5654, 5655) which treated it as merely a chattel mortgage, and void as against the purchaser in this State, because unregistered, though the vendor was in no way negligent in following up his claim. (Pp. 294-298).

Error to the Court of Civil Appeals for the Eighth District, in an appeal from El Paso County.

The Garage Company brought suit against Nichols and sequestered an automobile.   Chambers, who had bought the car from Nichols, filed a claim bond, and this was a trial of the right of property thereunder.   Judgment being for the Garage Co., Chambers appealed and secured a reversal and rendition of judgment in his favor (210 S. W., 565) which on writ of error obtained by the Garage Co. is here affirmed.

*Louis O'Neal* and *Beall, Kemp & Nagle,* for plaintiff in error.—
The conditional sale of the automobile in controversy being good
in California, the State in which the same was made and to be per-
formed, though not required to be registered nor registered there,
is good and enforceable in Texas, into which state the automobile
was subsequently removed without the knowledge or consent of
the vendor, as against Chambers, the purchaser of the original ven-
dee in said conditional sale contract, even though the statutes of
Texas should require a conditional sale contract to be registered
or recorded, in order to be good as against third parties.    Rodgers
v. Bachman, 109 Calif., 552; Van Allen v. Francis, 123 Calif., 474;
Perkins v. Mettler, 126 Calif., 100; Baptist Church v. Myers & Co.,
193 S. W., 1147; Lang & Weinberger v. Rickmers, 70 Texas, 108;
Leath v. Uttley, 66 Texas, 82; Reid v. Mickles, 29 S. W., 563; Dodd
& Co. v. Arnold, 28 Texas, 102.

*Judkins & Murphey* and *Hudspeth & Harper,* for defendant in
error.—Every instrument of writing the real purpose of which is
to be security for the purchase price of a chattel, which chattel is
delivered to the vendee, is in law a mortgage under the laws of
Texas.    Revised Statutes of Texas, Article 5654; Wright v. Texas Mo-
line Plow Co., 90 S. W., 905; Crews v. Harlan, 87 S. W., 656; Eason
v. DeLong, 86 S. W., 347; Willys-Overland Co. v. Chapman, 206 S.
W., 978.

The undisputed testimony and agreed statement of facts, show-
ing that the instrument or contract attached to plaintiff's petition
and which formed the basis of the plaintiff's cause of action was
never filed for record either in the State of California or in Texas,
and the defendant Ray Chambers was an innocent purchaser of
the automobile in question, from F. H. Nichols, the person to whom
the possession had been delivered by plaintiffs, in El Paso County,
Texas, for value, without any notice whatever, actual or construc-
tive, of the plaintiff's claim of ownership, defendant Ray Chambers
should be protected.    Revised Civil Statutes of Texas, Articles 5654
and 5655; Willys-Overland Co. v. Chapman, 206 S. W., 978; Sanger
v. Jesse French Piano Co., 52 S. W., 621; Best v. Farmers & Mer-
chants Bank, 141 S. W., 334; Farmer v. Evans, 192 S. W., 342;
Crosby v. Huston, 1 Texas 219; Weider v. Maddox, 66 Texas, 377;
Corpus Juris, Vol. 12, page 440; Oscanyan v. Arms Co., 103 U.
S., 261; Enfield v. Jordan, 119 U. S., 680.

MR. JUSTICE PIERSON delivered the opinion of the court.

For the material facts of the case we quote the following state-
ment from the opinion of the Court of Civil Appeals:

"The Consolidated Garage Company is incorporated under the
laws of California with its principal place of business in San Jose,

Santa Clara County, California. Appellant Chambers is a resident of El Paso County, Texas. On July 6th, 1917, appellee owned and was in possession of a certain automobile of the value of $1700.00 On the date mentioned appellee and F. H. Nichols at San Jose, California, entered into a written contract by the terms whereof Nichols agreed to purchase the car from the Company for the sum of $1670.00; $600.00 being paid in cash and the balance to be paid in monthly installments of $90.00 each; the deferred payments to bear interest from date. Nichols agreed not to sell or dispose of the automobile, nor take the same out of the state of California, nor permit the same to be removed from his possession, attached, levied upon, nor create any liens against same. Nichols was to pay all taxes against the property. The contract provided that title should remain in the Company until all payments were made and all of the conditions contained in the contract fully complied with and that upon the performance of all of said conditions and terms by Nichols, the Company would execute to him a bill of sale to the property. The contract was to be performed wholly within the state of California. The automobile was removed from Santa Clara County, California, by Nichols without the knowledge or consent of the Company and without any negligence on the latter's part. The Company used due diligence to collect the amount due upon the contract and exercised due diligence in trying to locate the car after it had been taken from San Jose and the State of California. The car was finally located in El Paso, Texas, where it had been brought by Nichols, and immediately upon ascertaining its location the Company brought suit in the District Court of El Paso County against Nichols and sequestered the car. The contract was not filed for record in California, nor in any County in Texas. The car was purchased in El Paso County by Chambers from Nichols for a valuable consideration and without notice of any defect in Nichol's title.

When the car was sequestered in the suit against Nichols, Chambers filed a Claimant's Oath and Bond and possession was surrendered to him. Under the laws of California the contract between the Company and Nichols was a conditional sale and title to the automobile did not pass from the Company to Nichols and under the laws of California it was not necessary to file or register the contract, and under the laws of that state any subsequent purchaser from Nichols paying a valuable consideration without notice, would not get any better title than Nichols had. The contract under the laws of that state, being not a mortgage, but a conditional sale, the title remained in the Company. The amount due by Nichols under the contract is $1060.00, with interest.

''The trial court's conclusion of law was that Chambers in his purchase of the automobile from Nichols acquired no greater title

than Nichols had; that the contract between the Company and Nichols was a conditional sale, and Nichols having defaulted the Company became entitled to the possession of the automobile. Judgment was rendered against Chambers and the sureties upon his bond for the value of the automobile, with interest.''

The Court of Civil Appeals reversed and rendered the case in favor of Ray Chambers, defendant in error.

Article 5654, Vernon's Sayles' Texas Civil Statutes, 1914, provides:

''All reservations of the title to or property in chattels, as security for the purchase money thereof, shall be held to be chattel mortgages, and shall, when possession is delivered to the vendee, be void as to creditors and bona fide purchasers, unless such reservations be in writing and registered as required of chattel mortgages.''

Article 5655 provides:

''Every chattel mortgage . . . which shall not be accompanied by an immediate delivery and be followed by an actual and continued change of possession of the property mortgaged . . . shall be absolutely void as against the creditors of the mortgagor or person making same, and as against subsequent purchasers . . . in good faith, unless such instrument, or a true copy thereof, shall be forthwith deposited with and filed in the office of the county clerk of the county where the property shall then be situated, or if the mortgagor or person making the same be a resident of this state, then, of the county of which he shall at that time be a resident.''

It is clear that under our statutes the contract of sale as set out above, if between parties residents of this State, and concerning property within this State, would be a mortgage and subject to our registration laws. It is equally clear that under the same state of facts an innocent purchaser for value would take good title.

Defendant in error insists, inasmuch as the contract of sale set out herein, under the laws of California, is a conditional sale and the title remained in plaintiff in error, that Nichols acquired no title under the contract and therefore conveyed none to defendant in error, and that therefore this State under the rule of comity between states should give full force and effect to the reservation of title in plaintiff in error and award him a recovery under same according to the laws of California.

Huddy on Automobiles, 5th Edition, Section 885, says:

''In some States, conditional contracts of sale are not sustained as against third persons innocently purchasing the property from the vendee. The validity of a sale to a third person is generally determined by the law of the place of the sale; and hence where such sale is in a State which refuses to recognize the validity of conditional sales, the title of the third person will be good, though the

original conditional contract was made in a State where it was valid.''

It seems to be the general rule that a chattel mortgage duly executed and recorded according to the laws of the State where same is executed and the property is located, will be held valid and effective as against purchasers in good faith in another State to which the property is removed by the mortgagor, *unless that State has enacted some statute to the contrary or unless the transaction contravenes the settled law or policy of the forum.* Corpus Juris, Vol. 11, p. 424.

Chief Justice Marshall, in Harrison v. Sterry, 5 Cranch, 289, 3 L. Ed. 104, distinguishes between the validity of a contract creating a lien and the *priority* of the lien over the rights of the third person as follows:

''The law of the place where a contract is made is, generally speaking, the law of the contract; i. e., it is the law by which the contract is expounded. But the right of *priority* forms no part of the contract. It is extrinsic, and is rather a personal privilege, dependent on the law of the place where the property lies, and where the court sits which is to decide the cause.''

The Supreme Court of Tennessee in the case of Snider v. Yates, 112 Tenn., 309, 64 L. R. A. 353, 105 Am. St., 941, 79 S. W., 796, said:

''When parties to a foreign contract are impleaded in the courts of this state, this court will expound and enforce the contract according to the laws of the country where it was made, if such laws are properly pleaded and proved; but it will not, in a question of *priority*, set aside its own statutes and rules to the prejudice of its own citizens.''

We think it is well settled that a contract is to be interpreted according to the *lex loci contractus*, but that the status of the personal property is to be governed by the *lex loci rei.*

This court in the case of Crosby v. Huston, 1 Texas, 203, in an opinion by Chief Justice Hemphill, in which the question here was an issue, used the following language:

''The rule that the nature, validity or invalidity, the obligation and interpretation of this deed of trust should properly be determined by the laws of Mississippi, is not to be extended to the defeat of our own laws, or any rights growing out of them after the property was found within their jurisdiction.''

It further said:

''But whatever may have been the effect of registration in Mississippi, it cannot be extended beyond the territorial limits of the State. The operation of such a muncipal regulation is local and cannot affect property in a foreign jurisdiction.''

The rule announced in Crosby v. Huston by Chief Justice Hemphill is in accord with our statutes on this subject as announced

above, which declare the policy of this State to be to protect the innocent purchaser for value without notice against the undisclosed or secret reservation of title, whether the same was contracted within this State or without. This is the correct and just rule. Under the common law the mortgagee took and retained possession of the chattel until the mortgagor should pay the debt for which it was given and thereby repossess himself of it. There could be no injury to an innocent purchaser for value, because the party claiming reservation of title or lien upon the property had possession of it. For commercial convenience the rule was extended under our system of registration, and a purchaser of chattels was chargeable with notice of the reservation of title or lien upon the property if same was registered in accordance with the provisions of the law of the forum. In the absence of such registration and in the absence of notice or knowledge of the prior claim, the innocent purchaser was protected.

By the statutory law of this State a reservation of the title in chattels commonly known as a conditional sale is expressly declared to be a mortgage and subject to all the requirements of law relating to mortgages. Also, the policy of this State is expressed by our statutes—Articles 5654 and 5655, Vernon's Sayles' Texas Civil Statutes—that a mortgage of Chattels, including conditional sales, is void as against third persons innocently purchasing the property for value, unless it is duly registered as provided therein.

Plaintiff in error insists that it is a hard rule to deprive him of his reservation of title or lien upon the property without any negligence on his part. Also it is a hard rule to deprive an innocent purchaser for value of the property when he has beeen at no fault. The difference between them is this: While it works a hardship upon the mortgagee, yet he trusts the property to the possession of the mortgagor, and thereby puts it within the power of the mortgagor to dispose of the property to one who has no notice of his claim. The mortgagee takes the risk incident to such possession, and while he has done no wrong and may not be negligent in regard to trying to protect his rights in the property, yet he makes it possible for a third person to be defrauded if it should be held that the rights of the third person are subject to his prior claim, of which said purchaser has no knowledge or notice.

An innocent purchaser for value has no means of protection whatever against a private or secret unregistered reservation of title in chattels, whether made in this State or out of it.

We think these principles are fundamentally correct and conduce to less injustice than the contrary doctrine, and are clearly in consonance with our statutes and the settled policy of our State.

The judgment of the Court of Civil Appeals is affirmed.

*Affirmed.*