## WOOTEN et al. v. ARNETT'S AUTO PARTS CO. (No. 330.)

(Court of Civil Appeals of Texas. Waco. June 3, 1926. Rehearing Denied July 5, 1926.)

1. **Automobiles ⚖⇒19—Violation of statute relative to sale of secondhand motor vehicles held not to preclude buyer from bringing action for conversion (Pen. Code 1925, arts. 1434, 1435).**

Violation of Pen. Code 1925, arts. 1434, 1435, relative to sale of secondhand motor vehicles, *held* not to preclude buyer from bringing action for conversion, since such violation did not make sale void nor deprive buyer of property rights in car.

2. **Sales ⚖⇒94.**

Seller of automobile *held* entitled to possession on demand on one to whom buyer delivered it, after inchoate sale had been rescinded by mutual consent.

3. **Chattel mortgages ⚖⇒153—Automobile mortgage, not registered, held invalid as to bona fide purchaser.**

Agent of mortgagee of automobile *held* unauthorized to take and retain car by mortgage not registered in state at time car was bought by buyer who had no notice thereof.

Appeal from District Court, Limestone County; J. Ross Bell, Judge.

Action by A. J. Arnett, doing business under the trade-name of Arnett's Auto Parts Company, against Howard Wooten and another. Judgment for plaintiff, and defendants appeal. Affirmed.

C. H. Machen, of Mexia, for appellants.
Rennolds & Rennolds, of Mexia, for appellee.

GALLAGHER, C. J. This appeal presents for review a judgment of the district court of Limestone county, awarding to appellee, A. J. Arnett, doing business under the trade-name of Arnett's Auto Parts Company, a recovery of damages against appellants, Howard Wooten and A. R. Mace, for the conversion of a Ford automobile. The parties will be designated as in the trial court. The car in question was purchased new from a regular dealer in the state of Oklahoma by one R. E. Hill on May 1, 1924. As a part of the purchase price Hill executed an installment note for the sum of $415.80, and secured the same by a lien on the car. The note in due course became the property of Kirkpatrick Bros., a firm whose members resided in Missouri. Hill registered said car in due form in the state of Oklahoma, and secured a license to operate the same in that state during the year 1924. He later brought the car to Texas, and on the 12th day of July, 1924, sold and delivered the same to one Hadley, and at the same time executed and delivered to him duplicate bills of sale, and also delivered to him his Oklahoma license. Shortly thereafter Hadley sold the car to plaintiff, and executed and delivered to him duplicate bills of sale, and also delivered to him said Oklahoma license. Said bills of sale were duly recorded in Limestone county, where both said sales took place. Plaintiff applied to the tax collector of Limestone county for the registration of said car, paid him the license fee required by law, and received his receipt therefor. After plaintiff had filed said bills of sale for record and made application for the registration of said car, and before said bills of sale were recorded and returned to him, and before he had received the tax collector's receipt for said license fee, he contracted to sell the car to one Harrison. Harrison paid part of the consideration by delivering an old car and part by notes and mortgage which he executed and delivered to plaintiff and the car was delivered to him. It was plaintiff's purpose to comply with the law by executing bills of sale and transferring the tax collector's receipt for the license fee as soon as the same should be received from said collector, and Harrison so understood the situation. Both parties seemed to have considered such action necessary to consummate the sale and to vest title to the car in Harrison. While said car was in the possession of Harrison, defendants were advised that the car was stolen, and so informed Harrison. They later demanded possession of the same from him, without disclosing that they then knew that the car was not stolen, but that their purpose in securing possession of the same was to attempt to

subject it to the payment of the mortgage debt held by Kirkpatrick Bros. Said mortgage was never registered in Texas, and plaintiff had no notice of the same when he purchased said car. Harrison permitted defendants to take possession of said car under the impression that it had been stolen. The conditional purchase of the same by him from plaintiff was rescinded by mutual consent. Plaintiff, on learning that said car had not in fact been stolen from any one, demanded possession of the same from defendants, and, on their refusal to surrender the same, filed this suit. Said Hill, said Harrison, and said Kirkpatrick Bros. were parties to the suit, but they are not parties to this appeal. The trial was before the court, and resulted in a judgment in favor of plaintiff against both defendants for $480.35.

## Opinion.

[1, 2] Defendants present ten points or propositions as grounds for reversal of the judgment of the trial court. All said propositions are based on the theory that plaintiff and Harrison were both guilty of violating the statute with reference to the sale of secondhand motor vehicles, now articles 1434 and 1435 of the Penal Code. They contend that said statute was violated in the purchase of the car by plaintiff on account of certain supposed irregularities, and in the sale of the same agreed upon between plaintiff and Harrison, in pursuance of which it was delivered to him. We may concede for present purposes that the statute was violated as claimed by defendants. Such violations, if any, did not deprive either plaintiff or said Harrison of his property rights in said car nor constitute any bar to asserting such rights in court and recovering appropriate relief for any invasion of the same. The inchoate sale of the car to Harrison having been rescinded by mutual consent, plaintiff was entitled to the possession of the same on demand, and defendants' failure or refusal to surrender the same in response thereto authorized a finding of conversion. While the legal propositions advanced by defendants are supported by numerous decisions from several of the Courts of Civil Appeals, the Commission of Appeals, Section A, in an opinion by Judge Bishop, in the recent case of Hennessy v. Automobile Owners' Insurance Association, 282 S. W. 791, held that sales made without complying with said statute are not void, and such holding was approved by the Supreme Court. Such being the case, plaintiff became invested with the legal title to said car by virtue of his purchase from Hadley, and if, by reason of the transaction between plaintiff and Harrison, the title passed to said Harrison, it reverted to plaintiff when that transaction was rescinded.

[3] The mortgage on the car given by Hill when he purchased the same never having been registered in Limestone county nor elsewhere in the state of Texas when plaintiff purchased said car, and he not having at the time of such purchase any notice of the existence of the same, defendants could not justify the taking or retention of said car on the ground of agency for Kirkpatrick Bros., who held said mortgage. Consolidated Garage Co. v. Chambers, 111 Tex. 293, 231 S. W. 1072.

The judgment of the trial court is affirmed.