**GRANGER et al v. PONDER et al.** (No. 364.)

(Court of Civil Appeals of Texas. Waco. June 3, 1926.)

**Automobiles ⬤➤19.**

Violation of Pen. Code 1925, arts. 1434, 1435, relative to sale of secondhand motor vehicles, *held* not to make sale void or prevent title from passing.

Error from Tarrant County Court; H. O. Gossett, Judge.

Action by S. R. Ponder and another against J. D. Granger and others. Judgment for plaintiffs, and defendants bring error. Reversed and remanded.

Frank R. Graves, of Fort Worth, for plaintiffs in error.

Baskin, Eastus & Greines, of Fort Worth, for defendants in error.

GALLAGHER, C. J. This suit was instituted by defendants in error, S. R. Ponder and W. R. Ross, partners, doing business under a trade-name, against plaintiff in error, J. D. Granger, to recover a Ford automobile. The parties will be designated as in the trial court. Plaintiffs sued out a writ of sequestration and caused the same to be levied on said car, which at the time of said levy was in the possession of defendant Frank R. Graves. He filed claimant's oath and bond, and said car was returned to him. Said oath and bond were returned into court and filed under a separate number. Defendant Granger's answer in the original suit consisted of a general demurrer and general denial. No pleadings nor issues were filed by any of the parties in the claimant's bond case. On motion of plaintiffs, said cases were consolidated. They were tried together before a jury. The court instructed a general verdict in favor of plaintiffs against both defendants. Upon return of said verdict, the court rendered judgment in favor of plaintiffs against defendant Granger for the possession of said car, and directed that in event the same could not be found, that plaintiffs recover of said defendant the sum of $350, the value of the

same as assessed by the court. The court also entered a further judgment in favor of plaintiffs against defendant Graves and the sureties on his claimant's bond for the sum of $350 as the value of said car, and the further sum of $35 as damages. Defendants filed a motion for new trial, which was heard and overruled. They have brought the case to this court for review by writ of error.

### Opinion.

Defendants complain of the action of the court in instructing a verdict against them. The only ground for recovery set up by plaintiffs was that they were the owners of the car sued for, and that the defendant Granger had unlawfully taken possession of the same and was unlawfully withholding the same from them. The basis of their claim of ownership was not pleaded. Plaintiff Ponder testified on the trial that he sold said car to defendant Granger in January, 1924; that he received as a part of the purchase price another car and for the remainder of the purchase price notes in the sum of $417.50, secured by a mortgage lien on the car; that said defendant paid the sum of $70 on said notes, and refused to make any further payments; that he brought suit on said notes and mortgage and that the court instructed a verdict against him on the ground that he did not comply with the law in force at the time regulating sales of secondhand automobiles in making said sale. The law referred to is now embraced in articles 1434 and 1435 of the Penal Code. Plaintiff Ponder further testified that at the time of said sale he executed a bill of sale to said car and delivered the same to said Granger, but that he did not deliver to him a receipt from the tax collector for the license fee for the current year. Said bill of sale was duly identified and introduced in evidence by defendants. They also proved by said witness on cross-examination that said car was secondhand at the time of said sale.

We assume that the court instructed a verdict for plaintiffs on the theory that, since the provisions of said law were not complied with when the car was sold by plaintiffs to defendant, such sale was void and title thereto did not pass from plaintiffs nor vest in said defendant. The Commission of Appeals, Section A, in an opinion by Judge Bishop in the recent case of Hennessy v. Automobile Owners' Insurance Association, 282 S. W. 791, held that sales made without complying with the provisions of said law are not void, and such holding was approved by the Supreme Court. Such being the case, defendant Granger became invested with the legal title to said car by virtue of his purchase of same from plaintiffs. Howard Wooten v. Arnett's Auto Parts Co., 286 S. W. 667, this day decided by this court. The court erred in instructing a verdict for plaintiffs. It is not, therefore, necessary to determine whether plaintiffs, being parties to said transaction, could have recovered had such sale been void in law, as contended by them on the trial of this case.

The judgment of the trial court is reversed, and the cause remanded.