THURMOND et al. v. INTERNATIONAL HARVESTER CO.

No. 5483.

Court of Civil Appeals of Texas. Amarillo.

Nov. 9, 1942.

Rehearing Denied Dec. 14, 1942.

Sanders & Scott, of Amarillo (A. P. Smith, of Amarillo, of counsel), for appellants.

Hill & Adkins, of Shamrock (Thurman Adkins, of Shamrock, of counsel), for appellee.

FOLLEY, Justice.

This suit involves the priority of chattel mortgage liens held respectively by Mrs. Flora M. Thurmond and the International Harvester Company upon a ¾-ton International D-15 motor truck sold by Ray's Department Store, of Erick, Oklahoma, local agent for the International Harvester Company, to W. A. Holmes, a resident of Texas. The suit was filed by the appellants, Mrs. Flora M. Thurmond and husband, I. C. Thurmond, against appellee, International Harvester Company, upon the theory of conversion, the appellee having sold the truck under the terms of its mortgage and having become the purchaser thereof at the sale. The appellee made Holmes a cross defendant, but the court refused any recovery against him.

In a trial without a jury, the court found that appellee's mortgage was superior to that of Mrs. Thurmond and denied the appellants any recovery. From that portion of the judgment the appellants have prosecuted this appeal.

The trial court has filed findings of fact and conclusions of law. No complaint is made as to these findings and conclusions. From the findings, it appears that on May 23, 1939, W. A. Holmes, then a resident of Wheeler County, Texas, entered into a written contract with E. L. Ray, doing business as Ray's Department Store at Erick, Oklahoma, to purchase an International truck, a part of the consideration to be paid in cash and the balance in monthly payments to be evidenced by a note and secured by a mortgage on the truck. A truck of the type desired was not then available and it was agreed that as soon as one became available, Holmes would go to the factory at Springfield, Ohio, get the truck, and drive it back to Wheeler County, Texas. It was further understood that Holmes would drive the truck back through Erick where he would execute the note and mortgage. Thereafter, on July 10, 1939, and before the truck was available, Holmes executed a chattel mortgage in favor of Mrs. Flora M. Thurmond on a new International ¾-ton, D-15 truck, which is admittedly the truck involved herein. This mortgage, which covered other personal property, was to renew and secure a pre-existing indebtedness of $1,500 owed by Holmes to Mrs. Thurmond. The latter advanced no cash in this transaction. At the time this mortgage was given, the truck was in the manufacturing plant at Springfield, Ohio and Mrs. Thurmond knew the truck had not been obtained by Holmes; however, the mortgage was taken in good faith on the belief that Holmes was to acquire the title to the truck free from encumbrances. Thereafter, on July 17, 1939, the truck desired became available and Holmes immediately made the trip to Springfield and, with Ray's permission, obtained the truck and returned with it to Wheeler County. Upon his return he did not stop at Erick to execute the note and mortgage for the balance of the purchase price. Immediately after his arrival in Wheeler County he became ill and, due to such illness and his confinement in a hospital, it was not until August 2, 1939, that Ray secured from him the note and mortgage which was duly transferred to, and is now held by, the appellee. This note was for $598 and evidenced the balance then due on the original purchase price of the truck. This mortgage was duly filed in the chattel mortgage records of Wheeler County on August 3, 1939. Holmes having defaulted in the payment of the instalments due on this note, the appellee thereafter sold the truck as provided in its mortgage and purchased the same for $405, which was the exact amount of the unpaid balance then due on its note. The reasonable value of the truck was found to have been $400. No finding was made by the court as to when the Thurmond mortgage was filed for record. However, the statement of facts shows that it was filed with the county clerk of Wheeler County on July 10, 1939.

From the above findings, the trial court concluded that the note and mortgage of the appellee was to evidence and secure a part of the purchase price of the truck and that appellee's lien was superior to that of Mrs. Thurmond.

■■■ In the trial court's conclusions and the judgment based thereon, we think there was no error. It is apparent that at the time the Thurmond mortgage was given, Holmes had no title in the truck. His acquisition of title was merely contemplated by the parties. The mortgage thus given by Holmes to cover after-acquired property covered such property only in the condition in which it was received by the mortgagor and attached only to such interest as he acquired. He acquired the property subject to the purchase money lien now held by the appellee, and Mrs. Thurmond's mortgage, although prior in point of time, can not displace appellee's lien for the purchase

money. A concise statement of this rule of law will be found in 10 Am.Jur. 851, Sec. 205, as follows: "A mortgage given to cover after-acquired property covers such property only in the condition in which it comes into the hands of the mortgagor. If that property is already subject to mortgages or other liens at that time, the general mortgage does not displace them although they may be junior to it in point of time. It attaches only to such interest as the mortgagor acquires. If he purchases property and gives a mortgage for the purchase money, the bill of sale which he receives and the mortgage which he gives are regarded as one transaction, and the prior mortgage cannot displace such mortgage for the purchase money. In such cases, the first mortgagee does not hold the position of a purchaser or third person within the meaning of the recording acts and is not such a creditor as is protected by them, and a failure to register a mortgage given for the purchase price of the after-acquired property makes no difference."

In support of this same rule are the following Texas authorities: 9 Tex.Jur. 152, Sec. 60; Tips v. Gay et al., Tex.Civ.App., 146 S.W. 306; H. O. Wooten Grocer Co. v. Wade Meat Co., Tex.Civ.App., 37 S.W. 2d 1090; Hamilton Nat. Bank v. Harris, Tex.Civ.App., 260 S.W. 318; Caldwell, Hughes & Patterson v. Yarbrough, Tex. Civ.App., 186 S.W. 350.

■ Under the above facts, it is our further opinion that Mrs. Thurmond was not a good-faith purchaser for value from a mortgagor in possession so as to come within the rule expressed in Consolidated Garage Co. v. Chambers, 111 Tex. 293, 231 S.W. 1072, and other cases of similar nature, relied upon by the appellants. On the contrary, Holmes was not in possession of the truck and had no title thereto at the time of the execution of the Thurmond mortgage and Mrs. Thurmond then knew he had not obtained the property. The mortgage contract between these parties was therefore made in the light of these facts, and the above-quoted rule must govern the priority of the respective liens.

Our discussion above disposes of what we think is the controlling question in this appeal. The other assignments urged by the appellants become immaterial and we overrule them without discussion. .

The judgment is affirmed.