## HIGGINS v. ROBERTSON et al.
### No. 5852.

Court of Civil Appeals of Texas. Amarillo.
March 22, 1948.

Rehearing Denied April 19, 1948.

Burt Barr, of Dallas, for appellant.

Turner, Rodgers, Winn & Scurlock, Zellner Eldridge, W. M. Taylor, Jr., Otis Bowyer and Fritz L. Lyne, all of Dallas, for appellees.

PITTS, Chief Justice.

This is a suit to foreclose a mortgage lien on a 1941 Packard Clipper automobile and for interest, attorney fees and additional damages filed by appellant, T. M. Higgins, D/B/A National Bond Finance Company of Kansas City, Missouri, against John L. Robertson, Tulsa, Oklahoma, and George J. Mitchell and Merchants State Bank, both of Dallas, Texas. The said bank impleaded Wilson B. Leyhe, Odis Lachosa and Gussie Barnett, all of Dallas, Texas, as party defendants in the suit.

The title to the said automobile became the subject matter of the suit and few, if any, of the material facts are controverted. The record is replete with photostats purporting to copy many instruments found in the transcript, statement of facts and the briefs. The original instruments were not copied in the statement of facts and there is no showing that such could not have been done or if necessary that the originals could not have been sent up by order of the trial court. The inclusion of such photostats in the statement of facts does not comply with the rules of procedure governing such a matter. Many of the photostats in this record contain much fine print that is hardly legible and some of them are blurred until they are not legible. Such a practice shows little consideration for the eyes of the members of the appellate courts and the practice is condemned by us. However, the best we can determine from such a record the many transactions involved are stated chronologically as follows:

On June 8, 1946, John L. Robertson purchased from Thompson-Shumake Motor Company in Kansas City, Missouri, the automobile in question and in payment therefor he executed his note, secured by mortgage lien, to Thompson-Shumake Motor Company for $1078.65, payable in monthly installments of $71.91 on the eighth day of each succeeding month until fully paid. Robertson's claim of title was derived from an assignment made to him by Thompson-Shumake Motor Company on the back of a Missouri certificate of title issued in the name of Eugene Consalus. Robertson's Oklahoma address was shown on the assignment as well as on the face of the note and the mortgage. No Missouri certificate of title was issued to Robertson and he was never requested to procure such insofar as the record discloses. On June 8, 1946, the same day the note and mortgage were executed, they were transferred by Thompson-Shumake Motor Company to appellant, T. M. Higgins, for a valuable consideration. On June 12, 1946, appellant filed the said mortgage for record in Tulsa County, Oklahoma, the home county of Robertson. On June 28, 1946, Robertson

made application in the State of Oklahoma to register the automobile and on the same day he made application for an Oklahoma certificate of title, in which application he swore there were no liens against the automobile. Thereafter on the same day the Oklahoma Tax Commission issued a certificate of title to Robertson showing no liens against the automobile. On July 25, 1946, Robertson took the automobile bearing Oklahoma license plates to Dallas, Texas, where he, on the said date, signed a Texas Highway Department Importer's Certificate in which he stated under oath that there were no liens against the automobile. Robertson also made application for a Texas certificate of title on July 25, 1946, in which he stated under oath there were no liens against the automobile and presented the same, together with his certificate of title from Oklahoma, showing no liens against the automobile, to a proper Texas agent who later approved the same. After making application for a Texas certificate of title, Robertson sold and delivered the automobile on the same day to Wilson B. Leyhe and endorsed the application for a Texas certificate of title over to Leyhe. On July 27, 1946, Leyhe, through his agent T. W. Bennett, made application for a Texas certificate of title in which application it was stated under oath that there were no liens against the automobile and the said application was later approved by a proper state agent. After making such application, Leyhe on the same day sold and delivered the automobile to George Mitchell, a negro boy, and endorsed the said application on the back thereof over to Mitchell. On the same day George Mitchell, together with Odis Lachosa and Gussie Barnett as co-signers, executed a note for the total amount of $1219.50 secured by a chattel mortgage on the automobile showing an indebtedness to Leyhe in the said sum. The note and the mortgage were immediately transferred by Leyhe to the Merchants State Bank at Dallas, Texas, which bank financed the transaction for Mitchell. On July 30, 1946, George J. Mitchell made application for a Texas certificate of title showing a lien against the automobile in favor of the Merchants State Bank in the sum of $1219.50. On August 12, 1946, a Texas certificate of title was issued to George J. Mitchell which certificate of title showed the bank's lien for the said sum.

Appellant filed suit as heretofore stated on November 15, 1946, declaring the full amount of his note executed by Robertson due since Robertson had defaulted and none of the installments had been paid. He asked for the immediate appointment of a receiver and the request was granted by order of the trial court upon the execution of a proper bond and the receiver was directed to take possession of the automobile pending further orders of the court. John L. Robertson failed to answer in the suit but George J. Mitchell and the Merchants State Bank both answered and filed general denials on December 7, 1946. On December 17, 1946, the trial court rendered judgment by default against John L. Robertson and likewise rendered judgment against George J. Mitchell and the Merchants State Bank in their absence holding that they each had failed to file proper answers. In its judgment the trial court awarded appellant his damages and foreclosure of his mortgage lien on the automobile. Immediately thereafter George J. Mitchell and the Merchants State Bank each filed a motion to set aside the judgment rendered against them, alleging meritorious defenses respectively to appellant's cause of action and further alleging that they had each properly answered and joined issues with appellant in his alleged cause of action prior to the return date of the same and they each pleaded that they had no notice of any setting of the case or of any hearing to be had of the same on the date judgment was rendered against them. Thereafter the trial court, with the approval and sanction of appellant, set aside in all things its judgment rendered against George J. Mitchell and the Merchants State Bank on December 17, 1946, but not as to John L. Robertson and postponed a further hearing in the matter. Each of the other defendants hereinabove named filed answers joining issues with appellant further pleading that they were innocent purchasers of the automobile, or an innocent lien holder on the part of the bank; that they knew nothing of appellant's claim and that they had each complied with the provisions of the Texas Certificate of

Title Act but appellant had been negligent in his failure to comply with the law or to exercise diligence and ordinary care in protecting any claim he may have had. The defendants pleaded, each a cause of action against his predecessor in title, about which there is no controversy in this appeal. The defendants hereinabove named, except Robertson who did not appeal, will be hereafter referred to as appellees.

The case was tried to the court without a jury and judgment was rendered modifying the default judgment formerly rendered insofar as it affected the rights of appellees and merged the same with the final judgment denying appellant any recovery against appellees, holding that the former order appointing a receiver was error, vesting title to the automobile in appellee, George J. Mitchell, subject only to the superior lien held by appellee, Merchants State Bank, and directing the formerly appointed receiver to deliver the automobile to a specially appointed bailee whose duty it was to take possession of the automobile and hold the same pending any foreclosure proceedings consistent with the judgment. Appellant perfected an appeal from the judgment and executed a supersedeas bond.

The controlling question to be determined on this appeal is whether appellant's alleged lien, which is not shown in any application or certificate of title issued after the sale of the automobile to Robertson and the execution of the note and mortgage upon which appellant bases his claim, will prevail over a subsequent innocent purchaser for value and a subsequent innocent lien holder for value, both of whom have complied with the Certificate of Title Act in all respects.

■ It appears that the controlling issue must be determined by a proper construction of the provisions of House Bill Number 407 of the 46th Legislature, now Article 1436—1 of Vernon's Texas Penal Code, known as the Certificate of Title Act, which became effective October 1, 1939. The Act contains sixty-four sections and is lengthy. It apparently covers every period in the life of an automobile from the time it is first sold, including all subsequent sales, mortgage liens, certificates of title

and a means of complete identification of the automobile. We shall not lengthen this opinion by copying the provisions of the said Act since its provisions have been heretofore construed by our courts. We refer particularly to the case of Commercial Credit Co., Inc., v. American Mfg. Co., Tex. Civ.App., 155 S.W.2d 834, writ refused. However, the factual situation in that case was different from this case in that the original sale of the automobile in that case was made in Texas and the first application and first certificate of title showed a mortgage lien and it was never thereafter shown that the encumbrance had been satisfied and discharged, while in the case at bar there was never any showing of appellant's mortgage lien in any application or certificate of title in Missouri, Oklahoma or Texas. We think the case above cited clearly construes the law applicable to this case. That case has been cited many times and the rules therein stated still prevail. The court held in that case that the certificate of title act repealed and superseded those parts of chattel mortgage registration statutes previously enacted insofar as they affected the registration of chattel mortgage liens on automobiles and further held that no valid lien could be asserted against an automobile unless it is disclosed by a valid certificate of title regularly issued by the Department of Public Safety, even though an asserted lien has been previously filed in the office of the County Clerk as provided by other chattel mortgage registration statutes. A reasonable interpretation of the Act and common prudence make it the duty of a lien holder to see that the mortgagor has complied with the State Certificate of Title law in order to protect his lien as well as to protect innocent purchasers. If the lien holder is derelict in his duty, he suffers the consequences as a result of his own negligence. The act likewise provides that a certificate of title may be revoked upon a proper showing that the application upon which it was issued contained false statements. However, the rule is well settled that a chatttel mortgage lien on personal property is good between the parties themselves whether the mortgage has been registered or not.

■ It will be noted that the lien, under which appellant claims, is not shown in any of the applications or certificates heretofore mentioned except that it was shown in the assignment of Thompson-Shumake Motor Company to Robertson on the back of a Missouri certificate of title issued to Eugene Consalus, which instrument Robertson did not bring forward in the chain of title. Appellant never at any time protected his lien by requiring Robertson or anybody else to procure a certificate of title to the automobile in question in the State of Missouri where the sale was made and the note and the mortgage were executed that gave him any claim of lien or in the State of Oklahoma where Robertson lived and into which state he was permitted to take the automobile, or in Texas where the automobile was finally taken. Neither did he seek to have any certificate of title revoked because of any false statements made or any false information contained in any certificate of title. He did nothing more than have his mortgage lien recorded in Tulsa County, Oklahoma, the home of Robertson. Appellant contends that he should recover because his mortgage lien was recorded in the home county of John L. Robertson, the mortgagor, in the State of Oklahoma. Neither appellant nor John L. Robertson testified at the trial. Insofar as we are able to determine from the statement of facts, replete with photostats, the record does not disclose whether or not appellant gave Robertson permission to move the automobile to Texas or had knowledge of such but, be that as it may, the Supreme Court held in the case of Farmer v. Evans, 111 Tex. 283, 233 S.W. 101, that a chattel mortgage duly filed and recorded in the State of Oklahoma cannot be enforced in Texas against the property removed to Texas as against an innocent purchaser for value without notice in such state although the removal was without the knowledge or consent of the mortgagee, and although there was no negligence on his part in failing to ascertain the fact of removal. The same rule prevailed in the case of Consolidated Garage Co. v. Chambers, 111 Tex. 293, 231 S.W. 1072. The record reveals that appellees were innocent purchasers or lien holders and it is presumed that the trial court so found. Since appellees had no actual or constructive knowledge of appellee's lien, it appears that appellant's contentions availeth him nothing in the protection of his lien under the record and the authorities cited.

■ The record reveals that when John L. Robertson brought the automobile to Texas from Oklahoma he executed an importer's certificate in Texas showing no lien on the automobile, made application for a certificate of title in which he showed no lien existed and these, together with his Oklahoma certificate of title, were presented as satisfactory evidence to a proper Texas agent for a certificate of title and his application for such was approved since he had done all the Certificate of Title Act required him to do in order to get a Texas certificate of title. Appellant complains that Robertson had no right to make a false statement to the effect that there was no lien against the automobile in order to procure a clear certificate of title. Appellant's negligence in his failure to see that his lien was entered in a certificate of title issued to Robertson either in Missouri, Oklahoma or Texas made it possible for Robertson to procure a certificate of title without showing such a lien. Had appellant exercised due diligence and ordinary care he may have prevented a purchase of the automobile by an innocent party. At any rate, Robertson sold and delivered the automobile to appellee, Leyhe, an innocent purchaser for a valuable consideration, who applied for a certificate of title and sold and delivered the automobile to Mitchell, another innocent purchaser for a valuable consideration, who mortgaged the automobile to the Merchants State Bank for the purchase price and obtained a Texas certificate of title showing a lien favorable to the lien holder. In each transaction the chain of title was endorsed over to and delivered to the new purchaser showing no lien against the automobile. It appearing that Section 43 of the Act provides that all lien holders should take priority according to the order of time they appear in the certificate of title and it further appearing that the lien of the Merchants State Bank is the only lien shown in any certificate of title, it should have priority

over appellant's lien, which is not shown in any certificate of title. It further appearing under the provisions of Section 44 of the Act that a lien against a motor vehicle is not valid against an innocent purchaser and is not enforceable against the motor vehicle held by an innocent purchaser unless the lien is shown in the certificate of title, it follows that appellant's lien is not valid against appellees who were innocent purchasers or lien holders and that the lien is not enforceable against the automobile held by an innocent purchaser, since appellant's lien is not shown in any certificate of title.

 The court held in the case of Dublin Nat. Bank v. Chastain, Tex.Civ.App., 167 S.W.2d 795, 797, that: "No lien on any motor vehicle to which a receipt or certificate of title has been issued shall be valid as against third parties without actual knowledge thereof, or enforceable against the motor vehicle of any such third parties unless the notation of said lien shall have been caused to be made on receipts and certificates of title on said motor vehicle." Since appellant's lien was not shown in the chain of title and since appellees had no knowledge of his lien, it is our opinion that his lien does not prevail over the title and lien claimed by appellees.

Appellant complains in effect because the trial court modified the judgment rendered against John L. Robertson and merged it into the final judgment. The trial court could not have done otherwise under the record. As heretofore stated judgment was first rendered on December 17, 1946, against Robertson and appellees, George J. Mitchell and Merchants State Bank, but the judgment was later set aside against said appellees upon proper motions and with the sanction and approval of appellant and their rights were to be determined at some future hearing. Judgment had been rendered against Robertson upon service of nonresidence notice and at a time when he had already long since parted with title to the automobile and it had long prior thereto been sold to innocent purchasers for value. The judgment against Robertson could not be one in personam but could only be one in rem. An interlocutory default judgment was entered against Robertson and any interest claimed by appellees, Mitchell and the bank, was postponed for future hearing at which hearing the claims and interests of all parties were considered and disposed of by a final judgment as provided for in the Texas Rules of Civil Procedure. We cite Rules 811, 812, and 240.

Appellant complains because the trial court held that his former order appointing a receiver was error. But, for reasons stated above and because the matter was made an issue by the pleadings, we overrule the complaint.

Appellant charges Robertson with felonious intent to defraud that amounted to theft of the automobile but the record does not support such a charge.

We have carefully examined the record and appellant's points of error and have failed to find any reversible error. Appellant's points are all overruled and the judgment of the trial court is affirmed.