## CHRISTIAN v. BOYD et al.
### No. 15051.

Court of Civil Appeals of Texas.
Fort Worth.
June 17, 1949.

Max E. Clark, of Fort Worth, for appellant.

· Eugene C. Wood, and Robert C. Carson, both of Fort Worth, for appellee Kent Motor Co.

Mike E. Powell, of Fort Worth, for Dumas C. Boyd in lower court but no brief filed for Boyd in appellate court.

SPEER, Justice.

W. E. Christian sued Dumas C. Boyd on a $525.00 note, bearing interest, and providing for attorney's fees and for foreclosure of a chattel mortgage lien on a described Pontiac Funeral Coach. Frank Kent Motor Company, a corporation, was made a party defendant upon allegations that it was in possession of the motor vehicle and was asserting some kind of interest therein; that any interest it may have was inferior to the rights of plaintiff.

Defendant Frank Kent Motor Co., to which we shall refer as the Motor Co., answered generally and specially pleaded in a cross action against its co-defendant Boyd seeking recovery of a bill for materials furnished and labors performed on the motor vehicle in the sum of $1261.50 and prayed for a foreclosure of its mechanic's lien on the vehicle as against both plaintiff and Boyd, and asked that its lien be declared by the court first and superior to the chattel mortgage lien of plaintiff.

Defendant Boyd waived service of process, and entered his appearance but made no defense and did not testify at the trial. The whole controversy involved here is the priority of the chattel mortgage lien of plaintiff over the mechanic's lien of defendant and cross plaintiff, the Motor Co.

Trial was to the court without a jury. Judgment in a short form was entered to

the effect that plaintiff should recover against Boyd on the note but that plaintiff's chattel mortgage lien was inferior to the mechanic's lien of the Motor Co. Judgment was entered for the Motor Co. against Boyd for its debt, with a foreclosure of its mechanic's lien on the motor vehicle as against both plaintiff and Boyd. From that judgment, plaintiff has appealed.

Reliance for reversal is predicated upon a single point of error, it is: The court erred in decreeing that the Motor Co.'s lien was superior to the chattel mortgage lien of plaintiff.

It appears without dispute that on November 1, 1946, plaintiff loaned defendant Boyd money to be used in the purchase of the ambulance-coach from an undertaking concern at Orange, Texas. At that time plaintiff took Boyd's note for $525.00, bearing interest and providing for attorney's fees, and to secure the note Boyd executed and delivered his chattel mortgage lien on the vehicle. At the time of the transaction plaintiff took from the seller a transfer of the certificate of title. Prior to the time the Motor Co. had done its work under which it claims a lien, plaintiff had not filed with the Highway Department the transfer of and the certificate of title, nor had he filed his chattel mortgage for record in Tarrant County; however, as we view the applicable law, failure to file the chattel mortgage is of no consequence. Plaintiff testified that he had had previous dealings with Boyd who always met his obligations and that he did not consider it necessary to file either the certificate of title or the chattel mortgage. Later, on February 19, 1948, plaintiff filed the transfer of title from the seller, along with his transfer to Boyd and had title certificate issued to Boyd showing his lien for $525.00. Plaintiff filed this suit in April, 1948.

The testimony shows without dispute that defendant Boyd, known to the Motor Co. as the owner of a local Negro undertaking establishment, drove the coach into the Co.'s place of business on March 24, 1947 and ordered the repairs made; that Boyd requested the work be done at the earliest possible date, explaining his urgent need of the vehicle; he said the money was ready as soon as the job was completed.

The Motor Co.'s manager testified that nothing was said by Boyd about there being a lien on the coach; that the materials were furnished and substantially all labors were performed between the day the coach was brought into the shop and the 18th of April following. That on or about the last mentioned date plaintiff notified the Motor Co. that he had a lien on the vehicle. The Motor Co. on that date wired the Highway Department inquiring about the ownership of the vehicle as disclosed by those records and was subsequently advised that the certificate of title to the vehicle stood in an Orange, Texas Ambulance Company, and that there was no lien on the vehicle disclosed by the certificate of title. The Motor Co. then replaced the motor in the chassis, knowing that irrespective of whether or not it had a lien the vehicle would be worthless without the replacement of the motor. The itemized bill of the Motor Co. for materials furnished and labor performed shows no charge made after April 18, 1947. Plaintiff had not made a transfer of certificate of title to Boyd, nor had he in any other form registered the transfer of title from the Orange, Texas concern to him with the Highway Department at the time the Motor Co. was making this investigation. The manager of the Motor Co. testified that at no time prior to April 18, 1947 did he have any knowledge of any character that plaintiff had a lien on the vehicle; that if he had known it he certainly would not have furnished the materials and performed the labor on it.

It is quite apparent from this record that plaintiff had a lien on the vehicle to secure his note, that lien, in so far as this record shows, was a perfectly good one as between plaintiff and Boyd and as to any other person or persons who had either actual or constructive knowledge of its existence. Commercial Credit Co., Inc., v. American Mfg. Co., Tex.Civ.App., 155 S. W.2d 834, writ refused; Sorenson v. Dawdy, Tex.Civ.App., 196 S.W.2d 687.

Under the provisions of Section 37 of Article 16 of our State Constitution, Vernon's Ann.St., the Motor Co. in this case also had a valid mechanic's lien on

the ambulance-coach here involved; the constitutional provision is self enacting and requires no legislative act to make it effective. Shirley-Self Motor Co. v. Simpson, Tex.Civ.App., 195 S.W.2d 951, and authorities there cited. The mechanic's lien is fixed by the constitutional provision and its priority over other liens depends upon the nature and status of such other liens, if any exist.

In 1939 the Legislature passed Article 1436—1, Vernon's Ann.Penal Code, known as the "Certificate of Title Act." Referable to liens on motor vehicles, the cited statute repealed all previous laws pertaining to registration of chattel mortgage liens on motor vehicles and has been construed as providing that the only means of preserving liens on motor vehicles, as against subsequent innocent purchasers and lien holders, was that such liens must be made to appear in the certificate of title issued by the Highway Department. Commercial Credit Co., Inc., v. American Mfg. Co., 155 S.W.2d 834, writ refused.

Prior to the passage of the certificate of title act, supra, it was the settled rule of law in Texas that a duly registered chattel mortgage lien on a motor vehicle was superior to a mechanic's lien on such vehicle acquired subsequent to the registration of the chattel mortgage lien; this because the registration of the chattel mortgage in the county clerk's office furnished to the mechanic constructive notice of its existence. Commercial Credit Co. v. Brown, Tex.Com.App., 284 S.W. 911, and the many cases following it shown in Shepard's Citations. But since the passage of the certificate of title act, which, as we have pointed out, supersedes the chattel mortgage lien registration laws, such registration in the county clerk's office fur-

nishes no constructive notice to an innocent purchaser or lien holder.'

It is an undisputed fact in this case that at the time the Motor Co. furnished the materials and performed the labor on the coach in question plaintiff's lien was not disclosed by the outstanding certificate of title, and from this it must follow that the Motor Co. did not have constructive notice of plaintiff's lien. The effect of the judgment entered in this case is that the court found the Motor Co. did not have actual knowledge of the existence of plaintiff's lien and in the absence of a showing of the lien in the certificate of title, constructive notice could not be imputed to the Motor Co.

No findings of fact or conclusions of law were requested or filed. In such circumstances this court must presume that the trial court found all facts which had support in the evidence in such a way as to support the judgment here entered. Allison v. Groppenbacher, Tex.Civ.App., 142 S.W.2d 528, writ refused; Ellis v. Eden-Birch Lumber Co., Tex.Civ.App., 179 S.W. 2d 323, writ refused, w. m.; Sorenson v. Dawdy, Tex.Civ.App., 196 S.W.2d 687; North East Texas Motor Lines, Inc., v. Dickson, Tex.Sup., 219 S.W.2d 795.

As above pointed out, there was no constructive notice to the Motor Co. of plaintiff's lien for the reason no certificate of title had been issued by the Highway Department showing such lien, as provided by the certificate of title act, supra.

The evidence, some of which we have already pointed out, is abundantly sufficient to support the trial court's judgment. We overrule the point of error assigned and order that the judgment be affirmed.