## WILLIAMS v. CAWTHON et al.
### No. 6109.

Court of Civil Appeals of Texas. Amarillo.
Oct. 9, 1950.

Rehearing Denied Nov. 10, 1950.

W. D. Hollars, Plainview, for appellant.

E. Byron Singleton, Amarillo, for appellees.

PITTS, Chief Justice.

This is an action to determine the priority of liens asserted by appellant, A. G. Williams, and appellee, Roy Cawthon, upon an automobile owned by W. H. Welch. The case was tried to the court without a jury and judgment was rendered declaring the lien of appellee to be superior to the lien of appellant and ordering a foreclosure of appellee's lien from which judgment appellant prefected his appeal.

There is no controversy about the material facts presented which stated in chronological order are as follows. Appellant acquired a mortgage lien upon a 1940 Ford pickup automobile on or prior to August 26, 1947, in the amount of $322.45. Appellant did not have possession of the automobile nor did he have his mortgage lien recorded in the chattel mortgage records of any county or upon the certificate of title of the said automobile. Thereafter on January 27, 1949, appellant reduced his mortgage lien to judgment with an order of foreclosure in the County Court of Hale County. The judgment was not shown on the certificate of title of the said automobile and no steps were taken by appellant to enforce the foreclosure of his lien on the automobile until February 1, 1950, at which time an order of sale under the said judgment was issued out of the County Court of Hale County to the Sheriff of Potter County where the automobile was then located. Paul G. Gaither, Sheriff of Potter County, levied upon the automobile on February 2, 1950, and posted notices for its sale on February 14, 1950.

Prior to the issuance of such order of sale and on or about November 6, 1949, appellee, Roy Cawthon, made repairs upon the said automobile at the request of W. H. Welch, the record owner thereof, and charged therefor the sum of $285.60.

Welch refused to pay the said sum charged by appellee for the said repairs, and the appellee retained possession of the automobile, asserting his mechanic's lien thereon for his repair bill, until the said automobile was taken from his possession on November 28, 1949, by Sheriff Gaither of Potter County under a writ of sequestration issuing out of the County Court of Potter County in cause number 10,367, styled W. H. Welch v. Roy Cawthon, appellee herein. Roy Cawthon, appellee herein, duly answered in the said suit and filed a cross action therein asserting his claim of debt for repairs and his mechanic's lien upon the said automobile and praying for a foreclosure thereof. He prosecuted his cross action in the said cause and reduced his claim to judgment for the sum of $215.60 and for the foreclosure of his mechanic's lien on the automobile in the Potter County court on February 8, 1950. An order of sale was issued out of the said court to the Potter County sheriff, who already had possession of the automobile, on February 14, 1950, and notices were posted 'for the sale of the automobile to be had on February 25, 1950, in satisfaction of Roy Cawthon's claim.

Paul G. Gaither, Sheriff of Potter County, proceeded to conduct the sale of the automobile on February 14, 1950, in satisfaction of the claim of A. G. Williams, appellant herein, and the automobile was sold to Williams as the highest and best bidder but because of Cawthon's claim to the same, Gaither refused to deliver either the automobile or a bill of sale therefor to Williams.

As a result of these facts A. G. Williams, appellant herein, filed this suit on February 21, 1950, against Roy Cawthon and Sheriff Paul Gaither for possession and title to the said automobile and to enjoin the enforcement of appellee's judgment procured in cause number 10,367 in Potter County court against W. H. Welch, the record owner of the automobile. Sheriff Gaither then delivered the said automobile to appellant Williams and did not hold the sale to be made on February 25, 1950, under appellee's order in cause number 10,367, and this suit then became moot as to Sher-

iff Paul Gaither. But appellee, Roy Cawthon, answered in this suit praying that his mechanic's lien be declared superior to appellant's asserted claim of lien and praying further that his lien be foreclosed and the said automobile be sold in satisfaction thereof. The parties appeared for trial before the trial court each having obtained a judgment in a court of competent jurisdiction in support of his asserted lien. After hearing their respective claims presented the trial court sustained appellee's claim and entered judgment accordingly, it appearing from the record that appellant had not preserved his asserted claim as required by law and that appellee had no acual notice of appellant's asserted claim of lien on the automobile until on or about February 2, 1950.

The question here to be determined is whether or not appellee was charged with sufficient notice of appellant's asserted lien merely because appellant's judgment and order of foreclosure had been recorded in the Minutes of the County Court of Hale County before appellee repaired the automobile but the said lien had not been recorded in the chattel mortgage records of any county or upon the certificate of title of the said automobile. At the time the repairs were made on the automobile by appellee it bore a Potter County license number but there was no evidence of appellant's asserted claim of lien either on the certificate of title to the automobile or in the Potter County records.

Prior to the Certificate of Title Act, the law was well established that a recorded chattel mortgage upon a motor vehicle was entitled to priority over a subsequent mechanic's lien. Commercial Credit Co. v. Brown, Tex.Com.App., 284 S.W. 911. But the Texas Certificate of Title Act, Article 1436–1, Vernon's Texas Penal Code, effective October 1, 1939, set up a completely new exclusive procedure for the registration and perfection of liens upon motor vehicles.

The relevant provisions here of Article 1436–1, Texas Penal Code, are as follows:

"Sec. 3. The term 'Lien' means every kind of lease, conditional sales contract, deed of trust, chattel mortgage, trust re-

ceipt, reservation of title, or other written instrument of whatsoever kind or character whereby an interest, other than absolute title, is sought to be held or given in a motor vehicle, also *any lien created or given by Constitution or Statute.* (Italics supplied.)

\* \* \* \* \* \*

"Sec. 42. No lien on any motor vehicle shall be valid as against third parties without actual knowledge thereof or enforceable against the motor vehicle of any such third parties as the issuance of a certificate of title thereof, unless an application for a new title is made as prescribed in this Act and all first and subsequent liens noted by the Department thereof.

\* \* \* \* \* \*

"Sec. 44. No lien on any other motor vehicle to which a receipt or certificate of of title has been issued shall be valid as against third parties without actual knowledge thereof, or enforceable against the motor vehicle of any such third parties, unless the notation of said lien shall have been caused to be made on receipts and certificates of title on said motor vehicle, as provided in this Act.

\* \* \* \* \* \*

"Sec. 46. Only liens noted on a receipt or certificate of title shall be valid as against creditors of the mortgagor in so far as concerns the motor vehicle."

The foregoing provisions of the Certificate of Title Act seem clear enough to support the judgment of the trial court in declaring, under the record here presented, the lien of appellee to be superior to the lien of appellant. However, such interpretation has been clearly established by judicial decisions of the State.

The Supreme Court held in the case of Motor Inv. Co. v. City of Hamlin, 142 Tex. 486, 179 S.W.2d 278, that the purpose of the Certificate of Title Act is to cover the whole field of sales and liens on motor vehicles. The court there further held that such Act repealed prior registration statutes pertaining to chattel mortgages in so far as they related to motor vehicles.

In the case of Christian v. Boyd, Tex. Civ.App., 222 S.W.2d 157, the court held that the only method of preserving liens on a motor vehicle, as against subsequent purchasers and lien holders, is to have such lien appear in the certificate of title issued by the highway department. It further held that the Certificate of Title Act supersedes chattel mortgage lien registration laws as to motor vehicles and that the registration of a chattel mortgage on a motor vehicle in the office of the county clerk furnishes no constructive notice to innocent purchasers or lien holders. It likewise held that where a creditor's lien on debtor's motor vehicle was not disclosed by the outstanding certificate of title, constructive notice could not be imputed to a garageman furnishing labor and material for repairs. The facts in that case were very similar to the facts in the case at bar. The court there further held that where a creditor's chattel mortgage lien on debtor's automobile was not disclosed by the certificate of title and where a garageman furnished materials and performed labor in repair of the automobile without actual knowledge of the existence of a chattel mortgage lien, the garageman's mechanic's lien was superior to the chattel mortgage lien. Such were the facts in the case at bar and the same rules should be here applied.

The foregoing rules of law are likewise supported by the following cases: Commercial Credit Co. v. American Mfg. Co., Tex.Civ.App., 155 S.W.2d 834, writ refused; Higgins v. Robertson, Tex.Civ. App., 210 S.W.2d 250, writ refused, n. r. e.

It is conceded that a mortgage lien on a motor vehicle is good as to the parties to the mortgage or as to those who have actual knowledge of the existence of such lien, whether the same is registered or not. But it clearly seems from the foregoing authorities cited that in order to enforce a lien upon a motor vehicle against third persons who have no knowledge of such lien, the holder must see that the provisions of the Certificate of Title Act are complied with. This appellant failed to do in the case at bar and he therefore suffers the consequences by reason of his own negligence.

For the reasons stated it is our opinion that appellant's points of error must all be overruled and the judgment of the trial court affirmed.