**MOTOR TRUCK SALES COMPANY, Appellant,**

v.

**W. B. HAUCK, Sheriff, et al., Appellees.**

**No. 14349.**

Court of Civil Appeals of Texas.

San Antonio.

Feb. 17, 1965.

Rehearing Denied March 17, 1965.

Matthews, Nowlin, Macfarlane & Barrett, William H. Nowlin, San Antonio, for appellant.

Donald Peters, Houston, for appellees.

MURRAY, Chief Justice.

This suit was instituted in the District Court of Bexar County by Motor Truck Sales Company against W. B. Hauck, Sheriff of Bexar County, Bambeck Trust Estates, Lawyers Surety Corporation, and L. L. Barnes, doing business as Bottlers Service Company, to recover the sum of $1,687.44, for the alleged wrongful sequestration of one 1960 G.M.C. truck-tractor, Serial No. BA 5505–M1041G. The plea of privilege of Bambeck Trust Estates was granted and the cause as to it was severed and transferred to the District Court of Harris County, Texas. The cause as to the other defendants was heard before the court, and judgment was rendered in favor of Motor Truck Sales Company against L. L. Barnes, doing business as Bottlers Service Company, in the sum of $1,687.44, together with interest and attorney's fees; and further judgment was rendered that Motor Truck Sales Company take nothing as to W. B. Hauck, Sheriff, and Lawyers Surety Corporation, from which judgment Motor Truck Sales Company has prosecuted this appeal.

The facts are not disputed and are as follows: On December 31, 1962, General Truck Sales of Houston, Texas, delivered the G.M.C. truck-tractor here involved to L. L. Barnes under a conditional sales contract. A certificate of title was issued to Barnes, reciting a lien in the sum of $4,608.-00 in favor of Bambeck Trust Estates. Thereafter on November 27, 1963, Bottlers Service Company delivered said G.M.C. truck-tractor to Motor Truck Sales Company, appellant herein, for the purpose of having certain repairs made. An order was signed by a duly authorized agent of Bottlers Service Company, but not by mortgagee, for this repair work, which order contained an express mechanic's lien to secure the amount of repairs. Appellant made the repairs to the G.M.C. truck-tractor, but has never been paid for this work, amounting to $1,687.44. On December 30, 1963, while Motor Truck Sales Company was holding in its possession the G.M.C. truck-tractor to secure its bill for making the repairs thereon, under its contractual and statutory lien, W. B. Hauck, Sheriff of Bexar County seized the vehicle and took it from the possession of appellant, under and by virtue of a writ of sequestration issued out of a lawsuit which was instituted on December 21, 1963, in the 164th District Court of Harris County, Texas, in which Bambeck Trust Estates was plaintiff, and L. L. Barnes, doing business as Bottlers Service Company, was defendant. Appellant was not a party to this suit and was a stranger to the writ of sequestration. It is appellant's contention that the seizing of this G.M.C. truck from its possession by virtue of this writ of sequestration was wrongful, and this suit was instituted for the purpose of recovering the damages which it suffered thereby.

At the trial, the certificate of title held by Barnes was introduced. It showed on its face that there was a lien against said truck in the sum of $4,680.00 in favor of Bambeck Trust Estates, and no other liens were shown in the certificate. The conditional sales contract was introduced in evidence which showed, among other things, that the title to said motor vehicle was to remain in the seller, and "if the owner of this contract shall feel insecure or believe said motor vehicle will be lost to him * *, the owner of this contract may take possession of said motor vehicle without notice or

demand and with or without process of law * * *." It is apparent that appellant's lien is not shown in the certificate of title, and it is a junior lien to that held by the Bambeck Trust Estates, which was the basis of the writ of sequestration. It is further apparent that appellant was not claiming title to the G.M.C. truck, but was merely holding it as security for its repair bill. It is appellant's contention that the writ of sequestration was void as to it, and that the Sheriff was without authority to seize the truck from its possession when it was not a party to the suit in which the writ of sequestration was issued. The lien retained in the conditional sales contract and shown in the certificate of title was a prior lien to that held by appellant, and appellant failed to show that it had any right to retain possession of the truck as against the holder of the first lien. Commercial Credit Co. v. Brown, Com.App., 284 S.W. 911; Perkins v. Martel, Tex.Civ. App., 277 S.W.2d 741; Williams v. Cawthon, Tex.Civ.App., 237 S.W.2d 652; Fritz Motor Co. v. Gabert, Tex.Civ.App., 41 S.W. 2d 72; General Motors Acceptance Corp. v. Merritt, Tex.Civ.App., 16 S.W.2d 296; Overland Auto Co. v. Findley, Tex.Civ. App., 234 S.W. 106; Jesse French Piano & Organ Co. v. Elliott, Tex.Civ.App., 166 S. W. 29; 36 A.L.R.2d p. 232, § 3.

■ The enactment of the "Certificate of Title Act" has changed the law as to the recording of chattel mortgage liens on motor vehicles. Now the liens must be shown in the Certificate of Title. Art. 1436—1, Vernon's Ann. Penal Code. Christian v. Boyd, Tex.Civ.App., 222 S.W.2d 157; Higgins v. Robertson, Tex.Civ.App., 210 S.W.2d 250; 7 Tex.Jur.2d 404.

■ Appellant contends that the levy of the writ of sequestration and the seizure of the truck while in its possession was illegal because it was not a party to the suit. We can not agree. Osage Oil & Ref. Co. v. Mulber Oil Co., 10 Cir., 43 F.2d 306. If appellant could have shown that its lien was superior to that of Bambeck Trust Estates, its contention that the seizure was unlawful would be valid. But where the evidence clearly shows that its lien was subordinate to that of Bambeck Trust Estates, the fact that it was not a party to the suit is unimportant. It has now had its day in court and it has failed to establish that it had any right to obtain possession of the truck as against the Bambeck Trust Estates that holds a prior lien. The trial court properly rendered judgment that appellant take nothing as against the appellees herein.

The trial court did not err in admitting in evidence the certificate of title and sales contract, because they established the fact that Bambeck Trust Estates held a superior lien to that of appellant's.

The judgment is affirmed.