## CARROLLTON ACCEPTANCE CO. v. WHARTON et al. (No. 8287.)

Court of Civil Appeals of Texas. San Antonio. Dec. 18, 1929.

Rehearing Denied Jan. 15, 1930.

A. B. Wilson, of Houston, for appellant.
Baker, Botts, Parker & Garwood, of Houston, for appellees.

FLY, C. J. This suit was instituted by C. R. Wharton against Wells-Kennedy Company, alleging that in June, 1926, said Wharton leased to the defendant named certain property with the buildings thereon, being a garage and storeroom located on the south half of lot 10 of block 346, city of Houston, together with a filling station, equipment, machinery, and appliances. It was alleged that the defendant agreed to pay said Wharton for said lease the sum of $200 per month during the first twelve months and thereafter the sum of $225 per month, during the remainder of the three-year period of the lease; that in September, 1927, defendant abandoned the lease and left the property, at which time there was due and owing $2,375. Certain property belonging to the defendant was distrained by said Wharton, and he prayed for his debt and the foreclosure of his lien upon the distrained property. No answer was filed by Wells-Kennedy Company, but appellant, a Michigan corporation, intervened in the suit and claimed as its property five trucks, distrained by Wharton, of the value of $8,261.73. This claim was traversed and denied by C. R. Wharton. Trial was had by the court, a jury being waived, and judgment was rendered against Wells-Kennedy Company, and J. Wells and C. W. Kennedy, jointly and severally in favor of Wharton for $2,375, and against appellant for the sum of $3,050, and that appellant take nothing as against C. R. Wharton. Appellant perfected its appeal.

In his answer to the plea of intervention by appellant, Wharton alleged that about March 1, 1926, the Ruggles Motor Truck Company, a foreign corporation engaged in the manufacture of automobile trucks, doing business in Saginaw, Mich., and through agencies selling trucks in Texas, that one Seward, held out by the truck company as its agent, stated that the company desired to establish a sales agency in Houston, and that one George Shaffer would be such sales agent and desired to lease the premises of Wharton for a place of business in distributing Ruggles trucks, and that such company would see that the rent was promptly paid, and the premises were leased to Shaffer for a term of years, and Shaffer, Seward, and the Ruggles Motor Truck Company went into possession of the premises. The rent was not paid, and at the request of Seward and the truck company Wharton ejected Shaffer from the premises, and the Ruggles Company requested Wharton to permit Wells and Kennedy to take over Shaffer's lease, which was done, and the Ruggles Motor Truck Company became responsible for payment of the rent. Appellant set up no claim to the trucks until about two months after the institution of this suit. Wharton had never heard of such claim before that time.

Appellant was not engaged in the manufacture or sale of trucks, but was a corporation engaged in financing those engaged in the manufacture and sale of automobiles and trucks. The evidence justifies the conclusion that the trucks which were distrained for rent were never sold by Ruggles Motor Truck Company, or any one else, to appellant, and that the only claim that appellant had on the trucks was as security for money advanced by it. The trucks were controlled exclusively by the agents of the Ruggles Company, which had agreed to pay the rentals of the property to C. R. Wharton. Appellant had no agents or dealers in Texas. It only appeared on the scene after this suit had been pending for two months. It is claimed by at least one witness that Ruggles Motor Truck Company would sell its motors to dealers in Houston, and when the purchasers in Texas could not pay for the trucks Ruggles Company would sell them to appellant and receive cash for them from appellant and then send out certain "trust receipts" to the Texas purchasers. If these trust receipts amounted to anything, they merely notified the agent of Ruggles Motor Truck Company that the Carrollton Acceptance Company had a lien of some indefinite kind. Appellant had no claim in the trucks higher than a lien to secure advances made to Ruggles Motor Truck Company. Wells-Kennedy Company, when they were placed in possession of the trucks, were informed by the agent of the Ruggles Company that they were to be security for the rent, and Wells swore that he never heard of appellant at that time, and that the first

time he ever heard of appellant was when that concern sent a trust receipt to him on July 8, 1926, a month after he had come into possession of the trucks. Wells did not sign it until after July, 1926. Appellant showed no claim to the trucks superior to that of C. R. Wharton. Ruggles Motor Truck Company at all times claimed to be the owners of the trucks and Wells made his contract with them. The trucks were on consignment with Wells-Kennedy Company. Ruggles Motor Truck Company promised Wharton to pay the rent. On June 4, 1926, Seward, agent for the truck company, appointed Wells-Kennedy Company agents for the Ruggles Company. On June 23, 1926, the agency of Seward was revoked. Then appellant appeared on the scene. Afterwards letters from the Ruggles Motor Truck Company still recognized Wells-Kennedy Company as their agent and agreed to pay advertising charges for the trucks.

The trust receipt was never placed on record in Harris county. It was an attempt to hold a secret lien on personal property, and would be in the face of statute and common justice. The trust receipt could be nothing more than a chattel mortgage under articles 5489 and 5490, Rev. St. 1925, and it was absolutely void so far as C. R. Wharton was concerned. Appellant held no interest in the trucks that was not subordinate to the claim of Wharton. We hold that the landlord's lien acquired by Wharton was superior to any claim to the property shown by appellant.

The judgment is affirmed.