## TYLER STATE BANK & TRUST CO. v. BULLINGTON.

### No. 12609.

United States Court of Appeals Fifth Circuit.

Jan. 30, 1950.

19. § 29, Title 1 U.S.C.A.

W. Dewey Lawrence, Tyler, Tex., for appellant.

Tom D. Matthews, Dallas, Tex., for appellee.

Before HUTCHESON, Chief Judge, and WALLER and RUSSELL, Circuit Judges.

RUSSELL, Circuit Judge.

Appellant furnished the purchase price for fifty radios which had been ordered by Randall Brothers and shipped collect on delivery. At that time, on August 27, 1946, Randall Brothers executed to the bank a bill of sale evidencing the sale, transfer and delivery of the described radios, covenanting therein that they are "the lawful owners of said chattels," and that the undersigned would "warrant and defend the same against the lawful claims and demands of all persons." Apparently attached to this was what is denominated a "trust receipt" which acknowledged the receipt from the bank of the articles described in the bill of sale, and by which Randall Brothers agreed not to sell or otherwise dispose of the articles until after payment of the note. The note referred to promised payment on demand of the $1373.72 which had been advanced by the bank and acknowledged the pledge as collateral for the payment of the note of the fifty radios. The note permitted a sale of the radios with or without notice, and obligated the maker to pay any balance of the note after crediting the amount received at any such sale.

Various payments were made on the note. It was renewed on March 14, 1947, in the amount of $986.72, payable thirty days after date. There was no recordation of any of the instruments. In the latter part of June, or the first part of July, 1947, the bank repossessed the twenty-eight radios that Randall then had on hand, and on July 24, 1947, Randall Brothers was adjudicated an involuntary bankrupt. This suit in the trial Court arises upon the complaint of the trustee in bankruptcy seeking the recovery of the radios or their value, and is predicated upon three grounds: That the transfer was a voidable preference under Section 60 of the Bankruptcy Act, 11 U.S.C.A. § 96; and in the alternative, that it was a fraudulent transfer as to the trustee under Section 70, sub. e of the Bankruptcy Act, 11 U.S.C.A. § 110, sub. e., being void under the provisions of article 4001, Revised Civil Statutes of Texas, the Bulk Sales Act; and in the further alternative, because void under article 4000 of the Revised Civil Statutes of Texas, Vernon's Ann.Civ.St. art. 4000, forbidding any lien to be given upon any stock of goods daily exposed to sale. Upon the trial, before a jury, the evidence, in addition to what has been stated, was, we think, conclusive upon the question of legal insolvency, but was in direct conflict as to the value of the radios at the time of repossession. The evidence is likewise we think conclusive that at the time of the repossession the bank had reasonable cause to believe the Randall Brothers to be insolvent. The trial Court, being of the opinion that by the provisions of article 4001, supra, the title and security instru-

ment held by the bank was invalidated, and that insolvency, and reasonable cause for belief thereof was established, directed a verdict in favor of the complainant, and thereafter entered judgment against the defendant and a decree that the complainant have title and possession of the twenty-eight radios, and if they be not delivered, judgment against the defendant for the sum of $41.00 for each radio.

Whether the transaction in question falls by virtue of the inhibition of either article 4000, supra, making void an instrument given by the owner of any stock of goods daily exposed to sale in parcels, or of article 4001, supra, forbidding the transfer in bulk of the whole or any part of a stock of goods other than in the ordinary course of trade, is to ,be determined by the law of Texas. Under the Texas authorities the transaction was not fraudulent within the terms of either of the aforementioned Texas statutes, the trustee in bankruptcy failed to establish any right of recovery predicated upon these grounds, and the Court was incorrect in declaring the title and security instrument held by the bank invalid because in violation of article 4001, supra. As originally consummated, the transaction was not a sale of any stock of goods of Randall Brothers, and article 4001 has been held to be inapplicable to instances where a conditional seller repossesses the articles conditionally sold. International Harvester Co. of America v. Smith, Tex.Civ.App., 91 S.W.2d 827. This would likewise seem to follow from the decision in Commercial Credit Co. v. Schegel-Storseth Motor Co., Tex.Com.App., 23 S.W.2d 702. As to article 4000, supra, the case last cited, a decision by the Commission of Appeals of Texas, expressly declares that a transaction such as the present is not in contravention of the terms of that article, because the transaction is not a chattel mortgage given by the *owner* of any stock of goods daily exposed to sale within the meaning of article 4000. The provisions of neither article 4001 nor 4000 afford any basis for a recovery in this case by virtue of the provisions of section 70, subs. c, e, of the Bankruptcy Act. 11 U.S.C.A. § 110.

The trustee in bankruptcy stands upon solid ground, however, in his attack upon the transaction as a voidable preference under the terms of section 60 of the Bankruptcy Act.[1] As to this, his right to recovery arises from the invalidity of the bank's claim of title and right to repossession under the applicable law of Texas, when considered and controlled in its consequences, as the effect of the transaction must be, by the paramount provisions of section 60, supra.[2] The transaction here involved between Randall Brothers and the bank was in effect a conditional sale by the bank to Randall Brothers. As such, it was subject to the provisions of article 5489 of the Civil Statutes of Texas which provides: "All reservation of the title to or property in chattels, as security for the purchase money thereof, shall be held to be chattel mortgages, and shall, when possession is delivered to the vendee, be void as to creditors and *bona fide* purchasers, unless such reservations be in writing and registered as required of chattel mortgages. Nothing in this law shall be construed to contravene the landlord and tenant law." It is held in the Commercial Credit Company case, supra [23 S.W.2d 703], "The 'creditors' contemplated by this statute are those persons whose claims, upon certain conditions, are charged by law upon the property covered by the instrument described in the statute." It is also true under Texas law that a judgment creditor who has effected no levy upon specific property, is not a lien creditor, and that

---

1. 11 U.S.C.A. § 96.

2. "For the purposes of subdivisions a and b of this section, a transfer shall be deemed to have been made at the time when it became so far perfected that no bona-fide purchaser from the debtor and no creditor could thereafter have acquired any rights in the property so transferred superior to the rights of the transferee therein, and, if such transfer is not so perfected prior to the filing of the petition in bankruptcy or of the original petition under chapter 10, 11, 12 or 13 of this title, it shall be deemed to have been made immediately before bankruptcy."

execution duly returned unsatisfied affords no lien. C. I. T. Corp. v. Haynie, Tex. Civ.App., 135 S.W.2d 618. We consider the statute as relates to the protection afforded *bona fide* purchasers. Trust receipts have been likewise held nothing more than chattel mortgages under the statute, articles 5489 and 5490, Vernon's Ann.Civ.St. arts. 5489, 5490, and void as against a landlord's lien because constituting an attempt to hold a secret lien on personal property. Carrollton Acceptance Co. v. Wharton, Tex.Civ.App., 22 S.W.2d 985. Regardless of the actual distinction between a chattel mortgage and a conditional bill of sale, the latter is treated, by the terms of the article, as a chattel mortgage, and the bill of sale, unless recorded, is expressly made void against the rights of a *bona fide* purchaser of the property. This is also expressly provided by article 5490, Civil Statutes of Texas. Consolidated Garage Co. v. Chambers, 111 Tex. 293, 231 S.W. 1072. The transaction clearly established a debtor-creditor relationship. In the present case there was never any recordation, but there was a repossession within four months prior to bankruptcy, and for all practical purposes this was the same as recordation. It was only at this time that the transfer was effected, and until that time, any *bona fide* purchaser from the bankrupt would have obtained a title superior to that of the bank. As to such a purchaser, the reservation of title was void. At the time of repossession the debtor had a possessory interest and the right to secure title by payment. Furthermore, by the act of the bank in permitting possession of the radios without any notice to the creditors, the bankrupt had been enabled to assume a display of apparent assets which were in fact subject to the secret lien. "The policy behind the last sentence of Sec. 60, sub. a is to compel public recordation for the benefit of creditors and to strike down, as preferential transfers, transactions whereby the debtor is permitted to retain possession of property as his own when actually it belongs or is encumbered to another by virtue of an undisclosed agreement."[3] "Its apparent command is to test the effectiveness of a transfer, as against the trustee, by the standards which applicable state law would enforce against a good-faith purchaser. Only when such a purchaser is precluded from obtaining superior rights is the trustee so precluded. So long as the transaction is left open to possible intervening rights to such a purchaser, it is vulnerable to the intervening bankruptcy. By thus postponing the effective time of the transfer, the debt, which is effective when actually made, will be made antecedent to the delayed effective date of the transfer and therefore will be made a preferential transfer in law, although in fact made concurrently with the advance of money. In this case the transfers, good between the parties, had never been perfected [in the present case prior to the four months' period] as against good-faith purchasers by notice [record] * * * as the law required, and so the conclusion follows from this reading of the Act that the petitioners lose their security under the preference prohibition of § 60, sub. b." Corn Exchange Bank v. Klauder, 318 U.S. 434, 437, 63 S.Ct. 679, 681, 87 L.Ed. 884, 144 A.L.R. 1189.

█ Applying the law to the facts disclosed by the record, we think it is clear that a prohibited preferential transfer was affected. We think there is no room for doubt, under the evidence, that at the time of such transfer the bankrupt was insolvent, and we do not think that there is any basis for a finding that the bank did not have reasonable cause to believe that the debtor was insolvent. Therefore, while not giving an accurate reason for the direction of a verdict, the result was in law authorized and demanded for the reasons we have given, and the facts found by the trial Court. However, the court erred in taking from the jury the question of the value of the radios transferred and which we hold the trustee was entitled to recover, if the radios were not forthcoming. As to such value the evidence was in conflict, and we reverse the judgment as to this feature of the case

3. Vol. 3, Collier on Bankruptcy, 14th Ed., p. 943.

and direct another trial, to be restricted solely to the question of the value of the radios at the time they were transferred to the bank.

Being of the opinion that the defendant had unreasonably failed to answer certain items of requests for admission served upon it, the Court awarded judgment against the defendant for the sum of $125.00 for attorney's fees and expenses. We think under the circumstances here. that this was error. The admissions not made related to ultimate issues, one in effect a conclusion of law, that at the time of the transfer the debtor was insolvent, the other, a question of belief, that at such time the defendant had reasonable cause to believe the debtor insolvent. A failure to answer such requests can not properly be denominated as unreasonable within the terms of Rule 37(c) of the Rules of Civil Procedure, 28 U.S.C.A., merely because, upon the trial of the case, it may be clearly shown by the evidence as a whole that insolvency and reasonable cause for belief thereof existed. The award of attorney's fees and costs is set aside.

In view of the other evidence in the record, the admission in evidence of the bankrupt's schedule of liabilities and assets, does not constitute reversible error.

Judgment affirmed in part and reversed in part.