299 F.2d 401
 O'MEARA-STERLING, Appellant,
v.
James P. MITCHELL, Secretary of Labor, United States Department of Labor (Arthur J. Goldberg, Secretary of Labor, United States Department of Labor, substituted as Party Appellee in the place and stead of James P. Mitchell, resigned), Appellee.
 No. 19044.
 United States Court of Appeals Fifth Circuit.
 February 26, 1962.
 
 Herbert W. Christenberry, Jr., New Orleans, La., for appellant.
 Earl Street, Regional Atty., U. S. Dept. of Labor, Dallas, Tex., Bessie Margolin, Morton Liftin, Asst. Sols., Charles Donahue, Sol., Robert E. Nagle, Atty., U. S. Dept. of Labor, Washington, D. C., for appellee.
 Before JONES, BROWN and BELL, Circuit Judges.
 GRIFFIN B. BELL, Circuit Judge.
 
 
 1
 The Secretary of Labor recovered a judgment in the District Court against appellant, a partnership, as the result of a suit under § 16(c) of the Fair Labor Standards Act of 1938,[1] as amended, to recover unpaid overtime compensation due Charles L. Young, former employee of appellant, pursuant to § 7 of the Act. The judgment is based on a finding that Young worked an average of 84 hours per week during the 73 weeks of his employment with no overtime payment whatever. The court also awarded the Secretary $200 under Rule 37(c), Fed.R.Civ.P., 28 U.S.C.A., as the reasonable expenses incurred in making proof of the fact that the employee was employed in the production of goods for commerce.
 
 
 2
 Appellant assigns error in the failure of the District Court to hold that the employee was exempt as an executive within the meaning of the Act, in the finding as to hours of work during the period of employment, and in casting the cost of proof under Rule 37(c) on appellant.
 
 
 3
 The Act does not apply to a person employed in a bona fide executive capacity as defined in the regulations of the Administrator promulgated under § 13(a) (1). Walling v. General Industries Co., 1947, 330 U.S. 545, 67 S.Ct. 883, 91 L.Ed. 1088. Under the regulations applicable for the period of employment here an employee was an executive if he received a salary of at least $100 per week, his primary duty consisted of the management of the enterprise in which he was employed or a recognized subdivision thereof, and his work included the customary and regular direction of the work of two or more other employees thereof. 29 C.F.R. 541.1.
 
 
 4
 The employee here was paid $600 per month for part of the period of his employment and $700 per month thereafter but the record shows that his primary duty was that of a mechanic. He was the sole mechanic of the partnership and as the trial court observed he was the mechanical department, rather than the manager of it. He did not customarily or regularly direct the work of any other employee. His duties were those of a maintenance man operating out of his residence, and performing work on oil drilling rigs, pumps, motors, boats and other equipment owned by the partnership and used in drilling for oil and gas at various widely scattered points in Louisiana.
 
 
 5
 Exemptions from the Act are to be narrowly construed against the employer asserting them. Arnold v. Ben Kanowsky, Inc., 1960, 361 U.S. 388, 80 S. Ct. 453, 4 L.Ed. 393; Mitchell v. Kentucky Finance Co., 1959, 359 U.S. 290, 79 S.Ct. 756, 3 L.Ed.2d 815; and Phillips, Inc., v. Walling, 1945, 324 U.S. 490, 65 S. Ct. 807, 89 L.Ed. 1095. And the record falls short of establishing that the rejection by the District Court of the defense of employment as a bona fide executive was clearly erroneous. Rule 52(a), F.R. Civ.Proc.; and Mitchell v. Mitchell Truck Line, Inc., 5 Cir., 1961, 286 F.2d 721.
 
 
 6
 During the period in question the sole function of appellant was drilling at locations on twelve different leases for various companies including Shoreline, British-American, Austral and Tidewater as well as for the partners in their individual capacities. The partnership had no interest in the leases and marketed no oil. The facts disclose that crude was sold to the Texas Company and to Ingram Refining Company, among others, and found its way into inter-state commerce either as crude or after being refined.
 
 
 7
 No records whatever were kept of the hours of work of employee Young. He testified that he worked from twelve to eighteen hours each day during the period of employment, not less than six and often seven days per week, except for one occasion when he was off because of sickness in his family for a week and a half or two weeks. He spent a great portion of his time getting from one job to another, and on occasion worked around the clock. The evidence was that his successor signed a time card as working seventy two hours per week but this was only an agreed approximation. Appellant offered no evidence bearing on the issue of hours worked. This court reiterated in Mitchell v. Mitchell Truck Lines, Inc., supra, the principle established in Anderson v. Mt. Clemens Pottery Co., 1936, 328 U.S. 680, 66 S.Ct. 1187, 90 L.Ed. 1515, that uncertainty as to the amount of damages does not justify a denial of recovery but requires an award based on a just and reasonable inference. We cannot say that the award here was not so based. The employer failed to carry the burden under the Mt. Clemens doctrine of producing evidence to show the precise time worked or to negative the inference drawn from the evidence of the employee. The duty and responsibility to draw the inference was that of the District Court and our duty is to affirm where, as here, the foundation for the inference is adequate.
 
 
 8
 The award of $200 as the reasonable expense incurred by the Secretary in proving that Young was employed in the production of goods for commerce within the coverage of the Act was in order.
 
 
 9
 The allegations in the complaint of production by the partnership of oil and gas for interstate commerce, and employment in the production of goods for interstate commerce were denied. Requests for admission under Rule 36, Fed.R.Civ.P., were then utilized to prove coverage by setting out facts to effect proof, but these were denied. The denial was in large measure on the ground that the partnership was without knowledge as to what the individual partners knew regarding the sale of crude taken from wells drilled by the partnership. The denial continued through the pretrial where an effort to dispose of the issue by stipulation or agreement failed.
 
 
 10
 The Secretary at the trial, and just before offering proof of coverage through the testimony of a vice president of Ingram and an assistant division manager in Louisiana of Texas Pipeline Company, moved pursuant to Rule 37(c) that the reasonable expenses, including a reasonable attorney's fees, incurred in making the proof be assessed against appellant. After the testimony of one of these witnesses was completed and during the testimony of the other, appellant through trial counsel stated that there appeared to be delivery beyond Louisiana but that such proof was not necessary as the drilling of oil as a matter of law is within the coverage of the Act, and that this question had never at anytime been put to appellant.
 
 
 11
 The spirit and purpose of the Federal Rules is to secure just, speedy and inexpensive determination of actions and they look to the admission of matters about which there is no dispute. The court had the power to act in the premises and there was no abuse of discretion. 4 Moore's Federal Practice, pp. 2705-6, 2712-13; Hanauer for use of Wagahn v. Siegel, N.D.Ill., 1939, 29 F.Supp. 329; Modern Food Process Co., Inc. v. Chester Packing & Provision Co., Inc., E.D.Pa., 1939, 30 F.Supp. 520; and Cf. Tyler State Bank & Trust Co. v. Bullington, 5 Cir., 1950, 179 F.2d 755.
 
 The judgment is
 
 12
 Affirmed.
 
 
 
 Notes:
 
 
 [1]
 Act of June 25, 1938, c. 676, § 1, 52 Stat. 1060, as amended by 63 Stat. 910, 29 U.S. C.A. § 201 et seq
 Jurisdiction is based on 28 U.S.C.A. §§ 1337, 1345.